## S06A0050. GREENWAY v. HAMILTON et al.

### (631 SE2d 689)

BENHAM, Justice.

This appeal is from a probate court order in a proceeding brought by an heir seeking an accounting by the executor of an estate. Appellant Stanley Chris Greenway was named executor of the estate of his mother, Mary Evelyn Greenway. After distribution of the estate, one of the heirs, appellant's niece Dina Greenway Hamilton, filed a petition in probate court for an accounting. After considering Greenway's accounting and Hamilton's objections, the probate court conducted a hearing and entered an order finding, as to the disputed matters, that Greenway breached his fiduciary duty in selling two plots of land belonging to the estate to his wife for less than market value and in handling funds from his mother's bank accounts. The probate court concluded the proceeds from two bank accounts and a certificate of deposit which Greenway had claimed as his own were part of the estate and ordered him to distribute to the heirs the bank account proceeds. The probate court also found the price of the lots Greenway conveyed to his wife was $7,500 less than the fair market value and ordered that amount distributed to the heirs. Greenway was also ordered to reimburse the estate for his executor's commission, to pay Hamilton's attorney fees, and to pay costs for the proceeding.

1. The probate court found Greenway violated his fiduciary duty by excluding from the estate funds from bank accounts belonging to his mother. The evidence showed he used a power of attorney before his mother's death to add his name to two bank accounts and a

certificate of deposit, none of which were payable-on-death accounts. He then created a new payable-on-death account in his mother's name and his own on the day his mother died, into which, over the next few weeks, he put all the money from the two accounts and the certificate of deposit. Greenway took over half of the funds from the account he had created shortly after creating it, then took the rest of the funds two weeks before being appointed executor. None of the money from the two original accounts and the certificate of deposit was reported as part of the estate.

Greenway attacks the probate court's finding regarding the handling of his mother's accounts on two grounds, contending the probate court lacked authority to determine the ownership of the accounts and arguing he could not have breached his fiduciary duty because he had not yet been appointed executor at the time he appropriated the money to his own use. The question of the authority of the probate court to determine the ownership of the funds is controlled adversely to Greenway by OCGA § 53-7-63, which empowers the probate court in an action such as the present to "hear evidence upon any contested question, and make a final settlement between the personal representative and the heirs or beneficiaries." *Brooks v. Brooks*, 184 Ga. 872, 875-876 (193 SE 893) (1937); *Fowler v. Cox*, 264 Ga. App. 880, 883-884 (592 SE2d 510) (2003).

Greenway's argument that his handling of his mother's accounts cannot be a breach of fiduciary duty because it occurred before he became executor is without merit. After he became executor, he knew he was in possession of money that should have been in the estate, knowledge he gained by being the person who removed the money from the estate.

> An administrator occupies a position of the highest trust and confidence to heirs at law, and is required to act in entire good faith in performing the duties of his trust. [Cit.] The administrator is a trustee, and as such he must exercise the utmost good faith in his administration, and he is not allowed to promote his own personal interest to the injury of the heirs at law. [Cit.]

*Morris v. Johnstone*, 172 Ga. 598, 604-605 (158 SE 308) (1931). Greenway's retention of the funds he removed from his mother's estate promoted his own personal interest to the injury of his nieces and nephews who were entitled to share in that fund, thereby breaching his fiduciary duty.

> A personal representative is a fiduciary who . . . is under a general duty to settle the estate as expeditiously and with as

little sacrifice of value as is reasonable under all of the circumstances. The personal representative shall use the authority and powers conferred by . . . the rules generally applicable to fiduciaries to act in the best interests of all persons who are interested in the estate and with due regard for their respective rights.

OCGA § 53-7-1 (a). By failing to recover the estate's money from the possession of one who held it, Greenway failed to perform his duty. *Cornelison v. Sansom*, 175 Ga. 467, 470 (165 SE 264) (1932) (It is duty of administrator of estate to recover estate funds in hands of another.). Thus, it appears that while Greenway may have appropriated the funds in question before his fiduciary duty arose upon his appointment as executor, he breached that duty after it arose by failing to recover funds he knew belonged to the estate. Although the probate court may have stated the incorrect time at which Greenway violated his fiduciary duty, it was correct in finding Greenway breached his fiduciary duty with regard to the money he took from his mother's accounts and that finding will be upheld under the "right for any reason" rule. *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 45 (4) (586 SE2d 235) (2003).

2. Greenway makes three contentions concerning the probate court's finding of a breach of fiduciary duty in the sale to his wife of two lots from the estate: that the issue of breach of fiduciary duty was not raised by the pleadings; that the probate court lacked authority to require an appraisal of the property; and that the probate court lacked jurisdiction to adjudicate claims of title. The first claim fails because it is based on a misstatement of the record in that Hamilton's objections to Greenway's accounting specifically raised the issue of a breach of fiduciary duty with regard to the sale of property to Greenway's wife, and the last claim raises no issue to be decided because the probate court did not adjudicate claims of title in this case, but merely held Greenway breached his fiduciary duty by conveying property to his wife at significantly less than market value.

As to the second claim, we conclude the action to which Greenway objects was within the broad authority of the probate court to exercise its

"original, exclusive, and general jurisdiction" over the probate of wills and "[a]ll other matters and things as appertain or relate to estates of deceased persons." [Cits.] "[W]ith respect to areas in which the probate court has been given exclusive, original subject matter jurisdiction, its authority

is broad." [Cit.] . . . The probate court can order an accounting, remove executors or require they post additional security, or "[i]ssue such other order as in the probate court's judgment is appropriate under the circumstances of the case," giving the probate court adequate means to remedy the executors' alleged breaches of fiduciary duty in this case. [Cit.]

*Benefield v. Martin*, 276 Ga. App. 130, 130-132 (622 SE2d 469) (2005).

3. Greenway contends the trial court's award of attorney fees and court costs was unauthorized because, as to attorney fees, Hamilton did not allege bad faith, and as to both attorney fees and court costs, she did not specifically request them. However, in Hamilton's objections to Greenway's accounting, she alleged Greenway acted in his own interest to the detriment of the estate and specifically prayed for an award of attorney fees and for court costs to be charged to Greenway. The allegation that Greenway acted in his own interest amounts to an allegation of bad faith: " 'Bad faith is not simply bad judgment or negligence, but . . . [a] breach of known duty through some motive of interest or ill will.' [Cit.]" *Wachovia Bank of Ga. v. Namik*, 275 Ga. App. 229, 234 (3) (b) (620 SE2d 470) (2005). Since Hamilton both alleged bad faith and prayed for an award of attorney fees and the casting of costs on Greenway, and proved he breached his fiduciary duty from a motive of self-interest, Greenway's asserted ground for reversing those awards is without merit.

4. Greenway contends the probate court erred in awarding damages against him because he was not named as a party defendant in this suit against the estate. His contention is based on a mistaken view of this litigation. Hamilton did not file suit against the estate, but cited Greenway, in his capacity as executor, to appear before the probate court for a settlement of accounts pursuant to OCGA § 53-7-62. In a proceeding in probate court to call an executor to account, "a citation is all the pleading that is necessary." *Cubine v. Cubine*, 69 Ga. App. 656, 660 (26 SE2d 462) (1943). Such a citation empowers the probate court "to make an account, hear evidence upon any contested question, and make a final settlement between the personal representative and the heirs or beneficiaries. The settlement may be enforced by a judgment, writ of fieri facias, execution, or attachment for contempt." OCGA § 53-7-63. The settlement of accounts "shall be conclusive upon the personal representative. . . ." OCGA § 53-7-62 (a). Greenway was, therefore, properly before the probate court as a party and subject to a judgment against him.

5. Finally, Greenway complains of the probate court's disallowance of his commission as executor. Conceding the probate court has the power to require him to forfeit commissions and fees for breaching

his fiduciary duties, Greenway argues he did not breach his fiduciary duty regarding the sale to his wife of property of the estate for less than its market value because all the law required of him was that he settle the estate expeditiously and with as little sacrifice of value as is reasonable under all the circumstances. OCGA § 53-7-1 (a). The probate court's finding, supported by evidence, that Greenway breached his duty to the estate by selling to his wife for $12,000 property valued at $19,500, amounts to a finding there was more of a sacrifice of value than was reasonable. That breach of duty, considered together with the breach of his duty in the handling of funds belonging to the estate, authorized the probate court to order the forfeiture of Greenway's commissions. *In re Estate of Arnsdorff*, 273 Ga. App. 612 (3) (a) (615 SE2d 758) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 26, 2006.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Charles A. Gravitt, Sr.*, for appellees.