A08A0862. IN RE ESTATE OF HOLTZCLAW.
(667 SE2d 432)

RUFFIN, Presiding Judge.

In the course of proceedings for an accounting and final settlement of the estate of Mildred Willeen Holtzclaw (the "decedent"), Sue Holtzclaw Dispain ("Dispain") filed a motion to recover attorney fees and to deny reimbursement to the executrix, Sara Holtzclaw Waters ("Waters"), for expenses incurred in litigating the petition for accounting. The probate court granted Dispain's motion for attorney fees, ordering them to be paid from the estate, and denied

---

Dispain's motion to deny reimbursement to the executrix for attorney fees. Dispain appeals, arguing that her attorney fees should be paid by Waters personally rather than by the estate; and that Waters's attorney fees also should not be assessed against the estate because they are the result of her own malfeasance. For reasons that follow, we reverse.

The decedent died in 1983 and was survived by three children: Dispain, Waters, and Charles Holtzclaw. Waters was appointed executrix under the decedent's will on January 20, 1984. In May 2005, Dispain filed a petition for an accounting; at that time, the estate had been open over 20 years. The probate court ordered Waters to file an accounting and to produce detailed records relating to the estate, including bank statements, deeds, and tax returns. After a hearing at which Waters "filed a very simple accounting," the probate court ordered her to hire a certified public accountant to prepare an accounting, provide the accounting and financial records for the estate to Dispain, and retain a title examiner to check the title of all real property owned by the decedent.

Following a subsequent hearing, the probate court found that "discrepancies exist within the various accounting documents generated for the estate regarding the collection of rent on real property, the interest income of the estate, distributions made to beneficiaries of the estate, and executor commissions taken by . . . Waters." The probate court ordered Waters to produce multiple specific documents and take certain actions, including filing a proposed final settlement and distribution of the estate. At a hearing on June 9, 2006, Waters was again unable to make an accurate accounting of the estate, and the probate court scheduled a hearing on a final settlement and accounting. After this hearing, the probate court held that the estate could have been settled as early as 1992, that "Waters'[s] inability to accurately account for the assets of the estate and her failure to expeditiously settle the estate are breaches of her fiduciary duty," and that the estate should be closed.

Dispain moved to recover her attorney fees incurred in bringing the petition for accounting, and also moved to deny any reimbursement to Waters for expenses incurred in defending the action. The probate court granted Dispain's motion for attorney fees and ordered the fees paid by the estate, because the petition for accounting "resulted in a common benefit for the estate." With respect to Waters's expenses, the probate court recognized that an executrix cannot bind the estate for expenses caused by her own misconduct and also found that Waters did incur attorney fees on behalf of the estate based on her own misconduct; nonetheless, the probate court did not deny reimbursement to Waters from the estate because there was no evidence presented as to "what attorney fees stemmed from

[Waters's] misconduct and what attorney fees, if any, stemmed from competent legal counsel for the estate." Dispain appeals, contending that the trial court erred in assessing her attorney fees against the estate rather than against Waters personally and in allowing Waters "to pay [attorney] fees arising from her malfeasance out of the estate."

1. The probate court ordered the estate to pay attorney fees to Dispain under OCGA § 9-15-14 (b), concluding that Waters, as executor, unnecessarily expanded the proceedings by "fail[ing] to disburse property to the beneficiaries of the estate within a reasonable time and . . . failing to timely and accurately account for the property under her control as representative of the estate." We review an award under OCGA § 9-15-14 (b) for abuse of discretion.[1]

OCGA § 9-15-14 (b) provides for the award of attorney fees if the court finds, among other things, that a party unnecessarily expanded a proceeding by improper conduct, including discovery abuses. In assessing fees under this Code section, the trial court "need not find that a party acted in bad faith."[2] The issue on appeal is whether the probate court erred by ordering the estate, rather than Waters individually, to pay Dispain's attorney fees. We find that it did. A petition for an accounting is an action against the executor.[3] And the purpose of an award of attorney fees under OCGA § 9-15-14 is to deter litigation abuses as well as to compensate the party put to additional expense.[4] Where, as here, the probate court has made specific findings that the executor "kept the estate open without legitimate reason," "consistently disregarded" court orders, breached her fiduciary duty to the estate, and unnecessarily expanded the proceedings once a petition for accounting had been filed, such that an award of attorney fees was appropriate, it should have assessed the petitioner's attorney fees against the executor, rather than the estate.[5] Accordingly, we reverse that portion of the probate court's order assessing Dispain's attorney fees against the estate and remand for proceedings consistent with this opinion.

---

[1] See *Kilgore v. Sheetz*, 268 Ga. App. 761, 770 (2) (603 SE2d 24) (2004).

[2] *Lamar Co., LLC v. State of Ga.*, 256 Ga. App. 524, 526 (2) (568 SE2d 752) (2002).

[3] See OCGA § 53-7-62; *Greenway v. Hamilton*, 280 Ga. 652, 655 (4) (631 SE2d 689) (2006).

[4] See *Williams v. Cooper*, 280 Ga. 145, 146-147 (1) (625 SE2d 754) (2006); see generally *Atwood v. Southeast Bedding Co.*, 236 Ga. App. 116, 119 (3) (511 SE2d 232) (1999) (purposes of OCGA § 9-15-14 are " 'deterrence of litigation abuses and [recompense] for legal fees and costs' ").

[5] See *Greenway*, supra at 655 (3) (applying OCGA § 13-6-11); *DuBose v. Box*, 246 Ga. 660, 668-669 (5) (273 SE2d 101) (1980) (applying predecessor to OCGA § 13-6-11; beneficiary who brought action for accounting entitled to recover attorney fees from executrices on grounds that they had caused her unnecessary trouble and expense).

2. Dispain also argues that the probate court erred when, after finding that Waters incurred attorney fees as executor "stemming from her own misconduct," it nonetheless allowed Waters to be reimbursed for these fees. We agree. As the probate court recognized, an executor is not entitled to be reimbursed for attorney fees or costs of litigation caused by her own misconduct.[6] The reason given by the probate court for its failure to enforce this established principle was that it was unable to determine which attorney fees stemmed from Waters's misconduct and which were legitimate expenses of the estate. But the record contains detailed invoices from counsel for the estate. And to the extent it needed further clarification of the attorney fees, the probate court should have held a hearing on that issue. We therefore reverse the probate court's denial of the motion to deny reimbursement to Waters and remand for proceedings consistent with this opinion.[7]

*Judgment reversed and case remanded. Andrews and Bernes, JJ., concur.*

DECIDED SEPTEMBER 18, 2008.

*Andrew, Merritt, Reilly & Smith, Michael T. Smith*, for appellant.

*Bryant & Oakes, Craig S. Oakes*, for appellee.

---

[6] See *Chester v. Bouchillon*, 253 Ga. 175, 177 (4) (317 SE2d 525) (1984); *Ray v. Nat. Health Investors*, 280 Ga. App. 44, 52 (6) (633 SE2d 388) (2006); *In re Estate of Arnsdorff*, 273 Ga. App. 612, 616 (3) (b) (615 SE2d 758) (2005); *In re Estate of Garmon*, 254 Ga. App. 84, 87 (2) (561 SE2d 216) (2002).

[7] See *Hudson v. Abercrombie*, 258 Ga. 729, 732 (2) (b) (374 SE2d 83) (1988).