## S11A0009. ROYAL v. BLACKWELL et al.

(712 SE2d 815)

BENHAM, Justice.

In January 2009, appellee Fred B. Blackwell, the trustee of a testamentary trust that is a beneficiary of the last will and testament of the late Edgar Hollis of Coweta County, filed this action in which he sought an accounting, the removal of appellant Mayo H. Royal, Jr., as executor of the estate, and damages resulting from Royal's purported breach of his fiduciary duty.[1] Following the executor's resignation in May 2009 from the post he had held since August 2006, the Probate Court of Coweta County appointed appellee W. Robert Hancock, Jr., as temporary administrator of the Hollis estate and, in December 2009, the trial court granted the estate's motion to intervene under OCGA § 9-11-24 (a) (2). In July 2010, the trial court granted the motions for summary judgment filed by trustee Blackwell and temporary administrator Hancock. Blackwell's motion sought judgment against Royal on the issue of Royal's liability under OCGA § 13-6-11 for attorney fees and expenses of litigation incurred by Blackwell; Hancock, who had amended his complaint to incorporate by reference Blackwell's request for attorney fees under OCGA § 13-6-11, asserted Royal was liable for the attorney fees and expenses of litigation the temporary administrator had incurred.

In granting the motions in favor of Blackwell and Hancock, the trial court found that Royal had breached repeatedly the fiduciary duty he owed the estate and that the breaches supported an award of damages to Blackwell and the estate pursuant to OCGA § 53-7-54, warranted a forfeiture of any compensation paid to Royal as executor, constituted "fraud or defalcation while acting in a fiduciary capacity" within the meaning of 11 USC § 523 (a) (4), and would have warranted Royal's removal as executor had he not resigned. The trial court denied compensation to Royal as executor and ordered Royal to repay all compensation he had received as fiduciary fees.[2] See OCGA § 53-7-54 (a) (7). After construing the provision of the Hollis will concerning the order in which successor beneficiaries to certain bequests were to be considered, the trial court found that Royal also had breached his fiduciary duty by distributing estate funds without regard to the terms of the will and awarded Hancock, the estate's temporary administrator, the attorney fees and expenses incurred by the estate in taking over the administration of the estate

---

[1] The City of Newnan and the Newnan-Coweta Historical Society were permitted to intervene in the action initiated by Blackwell.

[2] The trial court found that Royal had deposited $231,151 into one of the estate's accounts in partial repayment of the funds he owes the estate.

from Royal and in seeking the return of the estate funds improperly distributed by Royal. The amounts of the awards for attorney fees and expenses of litigation were to be determined in a subsequent trial on damages. Royal appealed the grant of summary judgment to this Court.[3]

1. Royal first argues that the trial court erred when it determined that the terms of the Hollis will required the executor to offer the Newnan-Coweta Historical Society a bequest declined by the City of Newnan. The will bequeathed the Hollis family home and its furnishings to the City of Newnan for the purpose of establishing a museum and provided funds to endow the museum. The will stated that

> in the event the City is unable or unwilling to accept this bequest or at some point in time declines to continue the operation of the Museum this bequest shall pass to the NEWNAN COWETA HISTORICAL SOCIETY, its successor, or a comparable charitable entity.

After the City of Newnan declined the bequest in October 2007, Royal deposited $1.5 million into the bank account of a local foundation which he deemed to be "a comparable charitable entity." The trial court found that Royal was a member of the local foundation's board of directors and served as its paid bookkeeper/accountant. The foundation was added as a party respondent by consent order filed April 27, 2009.

(a) Appellees suggest that the trial court's ruling concerning the propriety of the gift to the foundation is moot since the litigation concerning the gift's propriety has been settled by all parties except Royal and the money has been returned to the estate. The terms of the settlement agreement entered into by all parties except Royal provided that the settlement "will not affect any Party's claim, past, present, or future, against Royal" and did not require the foundation to return all the estate funds given it.[4] Since the determination that Royal breached his fiduciary duty by directing the funds to the foundation after the City of Newnan declined the bequest may serve as the basis for an award of damages against Royal under OCGA § 53-7-54 (a) (1), the issue is not moot.

---

[3] This Court has subject-matter jurisdiction of the appeal since it involves construction of the Hollis will. *In re Estate of Lott*, 251 Ga. 461 (306 SE2d 920) (1983).

[4] The settlement agreement recited that Royal had used estate funds to make three anonymous gifts totaling $55,000 to the foundation in addition to the $1.5 million he gave it as the successor beneficiary to the City of Newnan. In the settlement agreement, the parties disclaimed interest in and forgave return of the anonymous gifts and required the foundation to return $1.45 million of the $1.5 million gift.

(b) In its order granting summary judgment to appellees, the trial court construed the will as setting forth,

> progressively, [the testator]'s intention that in the event the City of Newnan declined the bequest and in the further event that the Newnan-Coweta Historical Society ceased existence and was without a successor, then and only then would the bequest progress on to a charitable entity that is comparable to the Newnan-Coweta Historical Society.

Noting that the Newnan-Coweta Historical Society had been in existence at all material times, the trial court determined that Royal, as executor, was obligated under the terms of the will to offer the bequest to the historical society once the City of Newnan declined the bequest. The trial court found as a matter of law that the foundation to which Royal had directed the bequest was not a proper recipient of the bequest, and that Royal breached his fiduciary duty when he distributed estate funds to the foundation "without regard to the specific terms of the Will. . . ."

We agree with the trial court's construction of the Hollis will. The testator's intent, "derived from consideration of the will as a whole, read in the light of the circumstances surrounding its execution" (*Norton v. Georgia RR Bank & Trust*, 253 Ga. 596, 600 (322 SE2d 870) (1984)), was to list successive contingent beneficiaries: if the City did not take the bequest, it was to be offered to the historical society; if the historical society was no longer in existence, the bequest was to be offered to the society's successor; if the historical society or its successor declined the bequest or did not exist, the bequest was to go to "a comparable charitable entity." Had the testator intended to give the executor discretion to choose the first contingent beneficiary, the testator could have used the language he employed in making a bequest of one-half of his residuary estate to a testamentary trust and setting out the plan of distribution of the assets of the trust upon its liquidation or termination: the property held in trust "shall be applied in my Trustee's best judgment and discretion to such charitable and benevolent purposes in the City of Newnan as my Trustee shall select, and in any sums that my Trustee may deem proper" and

> the Trustee . . . shall dispose of all its remaining assets by distributing them, in whatever form they exist, in such manner, or to such organizations as are operated exclusively for charitable, educational, religious, or scientific purposes that qualify at the time of the termination as tax-exempt organizations or purposes. . . .

2. Royal maintains the trial court erred when it granted summary judgment to appellees on the claim that Royal had breached his fiduciary duty to the estate. The trial court concluded that the undisputed facts showed that Royal had breached his fiduciary duty in a number of ways: (1) by taking executor fees from the estate in excess of the statutory rate and by paying himself monthly accounting fees that were over 1000% more than he had charged Mr. Hollis and 250% more than he charged other clients, when the will directed he be paid the lesser of his normal professional fee or the statutory fee; (2) by unnecessarily delaying and prolonging the administration of the estate (failing to sell a cooperative apartment in Washington, D.C. and failing to take action to contact the successor beneficiary upon the City of Newnan's decision to decline a bequest); (3) by failing to file state or federal tax returns for the estate for 2006-2008; (4) by making charitable donations and distributions to entities not named in the Hollis will (by making anonymous contributions with estate funds of $55,000 to a local foundation; by giving $150,000 of estate funds to the City of Newnan and $1.5 million to the local foundation); (5) by failing to marshal, preserve and protect all the estate's assets (a bank account containing over $17,000 was declared dormant and abandoned by the bank; a bond fund was not negotiated or closed until the temporary administrator liquidated the account for an amount $5,000 less than its value when the testator died; benefits in excess of $14,000 derived from the testator's former employment were not sought); and (6) by personally benefitting from estate property (using the D.C. apartment for personal use; using a Florida condominium).

On appeal, Royal contends that it was error to grant summary judgment because several of the trial court's findings of fact were in dispute; whether to award attorney fees pursuant to OCGA § 13-6-11 to Blackwell and Hancock is not a matter for summary adjudication; and it was error to grant summary judgment without a hearing.[5]

(a) Royal contends that it is a question of fact whether his decision to treat the local foundation as the successor beneficiary to the City of Newnan and distribute $1.5 million to the foundation constitutes a breach of fiduciary duty. However, whether action taken by an estate's personal representative constitutes a breach of

---

[5] Asserting that the existence of a conflict of interest is a matter for the factfinder, Royal also asserts the trial court erred in holding that Royal breached his fiduciary duty to the estate due to a conflict of interest arising from Royal's position as a member of the board of directors of the foundation which he treated as the successor beneficiary when the City of Newnan declined the Hollis bequest. Because we can find nowhere in the trial court's order a finding of a breach of fiduciary duty stemming from a purported conflict of interest, we do not address this contention.

the representative's fiduciary duty can be decided as a matter of law. See, e.g., *Cronic v. Baker*, 284 Ga. 452 (2) (667 SE2d 363) (2008); *Greenway v. Hamilton*, 280 Ga. 652 (631 SE2d 689) (2006); *In re Estate of Holtzclaw*, 293 Ga. App. 577 (667 SE2d 432) (2008). Royal also argues that the trial court's factual finding that Royal made little or no attempt to organize, collect, and protect the estate's assets is at odds with the trial court's finding that Royal spent over $57,000 remodeling and maintaining the D.C. apartment, and with his undisputed testimony that he had marshaled life insurance policies, annuities, stocks, checking accounts and silver, and had maintained two pieces of real property.[6] However, the fact that Royal gathered *some* of the estate's assets does not preclude a finding of breach of fiduciary duty based on the fact that he did not gather *all* the assets.

(b) OCGA § 13-6-11 authorizes the jury to make an award of expenses of litigation "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant . . . has caused the plaintiff unnecessary trouble and expense. . . ." The trustee/beneficiary met the pleading requirement when, in his complaint, he sought attorney fees and expenses of litigation and alleged that Royal had acted in bad faith and had caused the trustee the unnecessary trouble and expense of retaining counsel to file this lawsuit. The temporary administrator filed an amended complaint in May 2010 that alleged and incorporated by reference the trustee's pleading. In the order granting summary judgment, the trial court found that Royal had caused the trustee to incur unnecessary attorney fees and expenses "as a result of his improper actions . . . and his delay in resigning as Executor . . ." and ruled that the amount of the award would be determined in a subsequent trial on damages. With regard to the temporary administrator, the trial court ruled that he was entitled to an award of attorney fees and expenses incurred by the estate in taking over the estate's administration and in seeking the return of funds improperly distributed by Royal.

The trial court erred when it determined the trustee and temporary administrator were entitled to expenses of litigation pursuant to OCGA § 13-6-11. "[T]he language of OCGA § 13-6-11 prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law." *Covington Square Assoc. v. Ingles Markets*, 287 Ga. 445 (696 SE2d 649) (2010).

---

[6] Royal also contends that the trial court's finding that Royal caused the estate to purchase a Florida condominium is belied by documents signed by Blackwell, the trustee of the testamentary trust, closing the sale of a Florida condominium. Since this finding did not serve as a basis for the trial court's conclusion that Royal breached his fiduciary duty, we do not address it.

> Whether a plaintiff has "met any of the preconditions for an award of attorney fees and litigation expenses set forth in OCGA § 13-6-11 is solely a question for the jury. [Cit.]" . . . [B]oth the liability for and amount of attorney fees pursuant to OCGA § 13-6-11 are solely for the jury's determination. . . .

Id. at 446. The portions of the trial court's order finding that the trustee and the temporary administrator were entitled to awards of attorney fees and expenses of litigation under OCGA § 13-6-11 are reversed.

(c) OCGA § 9-11-56 (c) provides that the motion for summary judgment shall be served at least 30 days "before the time fixed for the hearing." Uniform Superior Court Rule 6.3 states that all motions in civil actions, including motions for summary judgment "shall be decided by the court without oral hearing" unless otherwise ordered by the court or "upon written request made in a separate pleading bearing the caption of the case and entitled 'Request for Oral Hearing' . . . filed with the motion for summary judgment or . . . not later than five (5) days after the time for response." "[T]he rule and the statute work together consistently. The statute contemplates but does not mandate a hearing. The rule fixes the method parties use to obtain a hearing. . . . All a party need do is make a written request for oral argument and it shall be held." *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 623-624 (351 SE2d 443) (1987). Since the record appendix submitted to this Court by the parties does not contain a request for oral hearing, the trial court was not required to hear oral argument on the motion prior to ruling on it.

3. Lastly, appellant Royal contends the trial court erred when it entered a consent order in January 2009 permitting the City of Newnan and the Newnan-Coweta Historical Society to intervene in this litigation. Appellant asserts that he did not consent to such an order and that the City, having declined the bequest in October 2007, could not "re-accept" the bequests in January 2009 and therefore did not have standing to join the litigation.[7] While the consent order does not contain the signature of Royal or his attorney, it states that the trial court has heard that Royal consented to the intervention and that

---

[7] Fifteen months after it declined the bequest from the Hollis estate and two weeks after Royal deposited $1.5 million from the Hollis estate into the bank account of the foundation that he chose as the successor beneficiary to the City, the City notified Royal of its rescission of its 2007 rejection of the Hollis bequest and of its conditional acceptance of the bequest. Royal then filed a petition for declaratory judgment in this litigation, asking the trial court to give him direction as to which entity the deed of conveyance of the Hollis home might be granted under the terms of the Hollis will.

it appears that the petitioners for intervention are named in the Hollis will as a beneficiary and a successor beneficiary. Inasmuch as the petitioners for intervention qualified for intervention under OCGA § 9-11-24, the trial court did not err when it allowed them to intervene.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hines, J., not participating.*

DECIDED JULY 5, 2011.

*Sumner Meeker, Michael E. Sumner, Theodore P. Meeker III, Amanda L. Caldwell,* for appellant.

*Bodker, Ramsey, Andrews & Winograd, Stephen C. Andrews, McKee & Mitchell, Patrick W. McKee, Sanders, Haugen & Sears, C. Bradford Sears, Jr.,* for appellees.