**In re Steven THOMAS, Debtor.**

**Charles Jordan Hawkins and Nathaniel Hawkins, Plaintiffs,**

**v.**

**Steven Thomas, Defendant.**

**Bankruptcy No. G10–25149–REB.
Adversary No. 11–2045.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

March 14, 2012.

**470**

Charles N. Kelley, Jr., Cummings & Kelley PC, Gainesville, GA, for Plaintiffs.

Robert M. Gardner, Jr., Hicks, Massey & Gardner LLP, Winder, GA, for Defendant.

### *ORDER*

ROBERT E. BRIZENDINE, Bankruptcy Judge.

This adversary proceeding is before the Court on the complaint of Plaintiffs named above as filed against Defendant–Debtor herein to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(4).[1] The obligation in question arises from an award as set forth in a Final Judgment entered by the Superior Court of Stephens County, Georgia on December 15, 2009. *See* Exhibit "A," at-

tached to complaint. In the judgment, the state superior court found Debtor Steven Thomas and his brother, Mark C. Thomas, jointly liable for breach of trust in connection with their duties under Georgia state law as the named co-trustees of the Dempsey L. Thomas and Barbra Thomas Family Trust # 2 (hereafter "the Trust"), of which the Debtor herein and his brother were also beneficiaries along with their two nephews who are Plaintiffs herein. The state court awarded Plaintiffs the sum of $46,323.00 in damages and $163,560.00 for attorney's fees and expenses.

Plaintiffs' complaint against Debtor in this subsequently filed bankruptcy case came on for trial before this Court on December 15, 2011, at which time the Court also heard argument of counsel for both parties. Additionally, the Court granted Debtor the opportunity to file a brief, which was done on January 9, 2012. Based upon a review of the record, the arguments of counsel, and the authority cited to the Court, the Court finds and concludes that Plaintiffs are entitled to a judgment on their complaint against Debtor under 11 U.S.C. § 523(a)(4).[2]

Among the various grounds for relief sought in their complaint in this adversary proceeding, Plaintiffs principally contend that the amount awarded in the state court's judgment should be excepted from Debtor's discharge because same constitutes an indebtedness based on "defalcation while acting in a fiduciary capacity" as provided in Section 523(a)(4). Plaintiffs further assert that the findings of fact underlying this judgment upon which it relies herein are binding on this Court as a

---

1. While the complaint also contains allegations pertaining to Sections 523(a)(2)(A) and (a)(6), Plaintiffs appear to have focused their presentation at trial to proving their cause of action under Section 523(a)(4).

2. This Court has subject matter jurisdiction regarding this adversary proceeding under 28 U.S.C. § 1334, and authority to enter a final order herein on the issue presented in accordance with 28 U.S.C. § 157(b)(2)(I).

matter of issue preclusion. In its judgment, the state court found that Debtor along with his co-trustee breached their several duties in the management of the Trust as enumerated in a listing of eleven separate violations. Among others, the court found a series of violations including the failure of Debtor and his brother to exercise their power by unanimous consent, failure of Debtor and his brother to use reasonable care to prevent a breach of trust by the other co-trustee, and failure of Debtor and his brother to administer trust assets impartially and protect same for the Plaintiff-beneficiaries.[3]

 The Court first addresses the binding effect of the state court's findings of fact in this adversary proceeding as set forth in its judgment following a bench trial. As explained by the Eleventh Circuit Court of Appeals:

> Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case. Collateral estoppel principles apply to dischargeability proceedings. If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect ... however, the ultimate issue of dischargeability is a legal

question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability.

*St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir.1993) (cites omitted). Georgia law sets forth the necessary elements to establish applicability of issue preclusion in a subsequent action as follows: 1) an identity of issues in both actions; 2) the issue must have been actually and necessarily litigated in the prior action; 3) decision on the issue must have been essential to the prior judgment; and 4) the party to be precluded from relitigating the issue must have had a full and fair opportunity to litigate same during the prior action. *See League v. Graham (In re Graham)*, 191 B.R. 489, 495 (Bankr.N.D.Ga.1996); *see also Terhune v. Houser (In re Houser)*, 458 B.R. 771 (Bankr.N.D.Ga.2011). Based upon analysis of the governing legal standards, this Court concludes that issue preclusion applies herein and thus, the findings of fact in the judgment entered by the Stephens County Superior Court are binding herein. Accordingly, the Court will not retry those fact issues in this proceeding.[4]

 Next, the Court applies federal bankruptcy law to determine whether the judgment award is excepted from discharge in this case. Pursuant to Section 523(a)(4), debts arising from "fraud or defalcation while acting in a fiduciary capaci-

---

**3.** The Court notes that while each defendant was held jointly liable, the state superior court held that the Debtor was entitled to contribution from his co-defendant/co-trustee, and assigned a degree of fault to Debtor of twenty-five (25%) percent.

**4.** Moreover, this Court will not look behind the state court judgment as Debtor seems to expect by including portions of the state court transcript in the present record, particularly with respect to that court's observation that Debtor's liability was based in large part on

the actions of his co-defendant. As stated above, the bankruptcy court is responsible for making the legal decision regarding dischargeability. As discussed herein, however, the state court found that Debtor breached his own duties of trust based on its findings of fact, specifically among them, that Debtor failed to pay adequate attention to the management of the trust assets for the benefit of its intended beneficiaries as required by Georgia law and the terms of the trust agreement.

ty" are nondischargeable although "this exception is a narrow one" in terms of deciding who qualifies as a fiduciary. *Guerra v. Fernandez–Rocha (In re Fernandez–Rocha)*, 451 F.3d 813, 816 (11th Cir. 2006), citing *Quaif v. Johnson (In re Quaif)*, 4 F.3d 950, 953 (11th Cir.1993). The high standard required to prove the existence of a proper fiduciary relationship serves this policy in the Bankruptcy Code of favoring the granting of a discharge.[5] Once a debtor is identified as a fiduciary or trustee, however, a lesser standard of knowledge or intent is required to support a finding of defalcation as compared to and distinguished from fraud, embezzlement, or larceny, which are also referenced in Section 523(a)(4) and are intentional torts. Since a fiduciary relationship has been established herein, the next element to be addressed under Section 523(a)(4) focuses on whether the findings at issue constitute a defalcation.

The case law appears divided on the precise definition of defalcation. There is circuit court authority holding that an innocent mistake or breach of fiduciary duty in failing to account for funds held in one's care is sufficient. *See e.g. Republic of Rwanda v. Uwimana (In re Uwimana)*, 274 F.3d 806, 811 (4th Cir.2001) (innocent or merely negligent conduct can show defalcation); *see also Sherman v. Securities and Exchange Comm'n (In re Sherman)*, 658 F.3d 1009, 1017 (9th Cir.2011). Other courts, however, require something more in terms of wrongful conduct to except a debt from a debtor's discharge on the basis of defalcation. *See In re Hyman*, 502 F.3d 61, 67–68 (2d Cir.2007) (adopting "extreme recklessness" standard); *cf. Patel v. Shamrock Floorcovering Serv., Inc. (In re Patel)*, 565 F.3d 963, 970 (6th Cir.2009)

("objective recklessness"); *accord Follett Higher Ed. Group, Inc. v. Berman (In re Berman)*, 629 F.3d 761, 765 n. 3 (7th Cir. 2011). *See also Rogone v. Correia–Sasser (In re Correia–Sasser)*, 2011 WL 3515473 (Bankr.D.Ariz. Aug. 10, 2011) (summarizing various case authority).

Debtor contends that a breach of fiduciary duty or breach of trust under Georgia trust law does not prove defalcation as required under Section 523(a)(4). Instead, Debtor advocates for the adoption of the standard set forth in *Rutanen v. Baylis (In re Baylis)*, 313 F.3d 9 (1st Cir.2002). In *Baylis,* the First Circuit looked to the term scienter as used in the securities law context for guidance. The test adopted by that court, while not quite reaching a specific intent to do a bad act, requires proof a debtor's mental state embracing "something close to a showing of extreme recklessness" or "an extreme departure" from the duty of ordinary care owed by a trustee. 313 F.3d at 20 (cites omitted).

Plaintiffs rely solely on the state court judgment to establish their claim for relief and offered no other evidence except through cross-examination. In his brief, Debtor admits the state court found that he improperly delegated responsibility to his co-trustee in a manner inconsistent with his duty under O.C.G.A. § 53–12–196. Yet, Debtor states, with respect to the conduct identified as the principal basis for its damages award, the state court did not find that Debtor *participated* in such conduct or that Debtor *knowingly* acquiesced in same. Debtor also contends that there was no finding of conscious misbehavior or recklessness on his part. Further, the

---

**5.** Under Section 523(a)(4), it must be shown that the debtor acted as a fiduciary under an express or technical trust. *See Quaif,* 4 F.3d at 953. This fact is not disputed herein. Instead, the issue presented in his case concerns the meaning of defalcation and the level of wrongdoing Plaintiffs are required to prove to prevail on their complaint.

state court specifically awarded damages based on a breach of trust for failure to make timely distributions to the Plaintiff-beneficiaries during the years of 1993, 1996, and 1997 (*see* Judgment, ¶ II & ¶ I(4)). Since the court found that Debtor's brother "acted as if he were sole trustee, with no involvement" of the Debtor during those years (*see* ¶ I(2)), Debtor asserts his conduct at most only shows negligence. And, this finding fails to meet the standard of "extreme recklessness" that Debtor maintains must be established to prove defalcation under 11 U.S.C. § 523(a)(4) based on the holding of *Baylis, supra.*[6]

■■■ Until recently, the Eleventh Circuit had not taken a definitive position on the appropriate test to be used in terms of the approaches that have developed for determining defalcation, and appears to allow for some flexibility. *See Hyman*, 502 F.3d at 68 n. 4, citing *Fernandez–Rocha*, 451 F.3d at 817.[7] In *Quaif*, the Eleventh Circuit observed that defalcation "refers to a failure to produce funds" by a fiduciary, but that its "precise meaning ... has never been entirely clear." 4 F.3d at 955, as cited in *Fernandez–Rocha*, 451 F.3d at 817. The court quoted from Judge Learned Hand in *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2d Cir.1937), as offering the "best analysis" on this issue. In *Herbst*, the court noted, "Judge Hand concluded that while a purely innocent mistake by the fiduciary may be dischargeable, a 'defalcation'... does not have to rise to the level of fraud...."

4 F.3d at 955, quoting *Herbst*, 93 F.2d at 512. Based upon the circuit court's reasoning and its application of the definition of defalcation in *Fernandez–Rocha*, 451 F.3d at 817 and 819, following *Quaif*, 4 F.3d at 955, while the precise meaning may be uncertain with respect to a debtor's appreciation of the likelihood of loss or degree of culpability regarding same, defalcation at its core involves a fiduciary's failure to account for or produce funds that have been entrusted to his care along with some degree of misconduct. *Accord, Herbst*, 93 F.2d at 512.

As discussed above, while proof of fraud is not necessary, an examination of the case law from other bankruptcy courts in this circuit confirms that the meaning of this statement in and of itself has been nuanced and subject to varying interpretation. *See e.g. Fish v. Sadler (In re Sadler)*, 2007 WL 4199598 (Bankr.N.D.Fla. Nov. 26, 2007), citing *Moreno v. Ashworth (In re Moreno)*, 892 F.2d 417 (5th Cir. 1990). *See also Nevels v. Caples (In re Caples)*, 454 B.R. 191, 202 n. 32 (Bankr. N.D.Ala.2011) (citing *Fish, supra*). In *Fish*, the court focused *solely* on the result and stated that "[d]efalcation is **the fiduciary's failure to account** for funds due to **any** *breach of duty* whether it was intentional, willful, reckless, or negligent." 2007 WL 4199598, at *2 (emphasis supplied); *see also Hall v. Johann (In re Johann)*, 125 B.R. 679, 681 (Bankr. M.D.Fla.1991) (purely objective standard); *and see McDowell v. Stein*, 415 B.R. 584, 598 (S.D.Fla.2009). The court in *Fish* followed the Fifth Circuit's reasoning in *Mor-*

---

**6.** Debtor further contends that the state court's apportionment of liability was intended to 'balance out' the effects of what amounts to a strict liability standard.

**7.** While this Court was finalizing its written ruling herein, the Eleventh Circuit issued an opinion holding that it would follow case authority in the Fifth, Sixth, and Seventh Cir-

cuits and require a showing of recklessness by a fiduciary as opposed to negligence. *See Bullock v. BankChampaign, N.A. (In re Bullock)*, 670 F.3d 1160 (11th Cir.2012). As discussed below, this Court believes its reasoning and conclusion herein is consistent with the controlling precedent of the Eleventh Circuit as set forth in its recent opinion.

*eno,* wherein the circuit court stated that a "defalcation is a ***willful neglect of duty.***" 892 F.2d at 421 (emphasis supplied).

The Fifth Circuit later addressed its standard in *FNFS, Ltd. v. Harwood (In re Harwood)*, 637 F.3d 615, 624 (5th Cir. 2011), and concluded that willfulness means recklessness, and that the determinative inquiry focuses *objectively* upon what a reasonable person in the debtor's place knew or should have known. *See also Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 185 (5th Cir.1997). This standard has been construed to mean that the debtor's actions must rise above negligence to be nondischargeable in that a debtor ***"knew or should have known,*** based on his experience … that he was ***breaching*** his fiduciary duty." *Correia–Sasser*, 2011 WL 3515473, at *5 (emphasis supplied).[8]

▮▮▮▮▮ Upon close review of the reasoning in these cases and based on the preceding discussion herein, this Court believes that while not requiring a showing of actual intent to defraud, the standard suggested by Debtor of extreme recklessness or conscious misbehavior seems stricter than that allowed within the guiding parameters offered by the Eleventh Circuit, and most certainly its recent ruling in *Bullock, supra.* As the court held, the misconduct to be established is "a known breach of a fiduciary duty, such that the conduct can be characterized as objectively reckless." *Bullock*, 670 F.3d at 1166.[9] Moreover, based upon its review of the law, this Court believes that a *willful neglect of such duty* is *not* confined solely to acts improperly taken with respect to trust property, but *also* addresses *acts not taken* to protect such property. While exceptions to discharge are to be read narrowly, the standard under Section 523(a)(4) requires a bankruptcy court to examine a debtor's *failure* to account for trust prop-

---

**8.** As observed in *Roy v. Gravel*, 143 B.R. 825, 828 (W.D.La.1992), the fact that defalcation does *not* require an intent to defraud or blameworthiness for a related debt to be declared excepted from discharge actually is a narrow test because the "special legal status" or fiduciary duty of the debtor to a harmed beneficiary furnishes the necessary "badness" or culpability. There is no warrant for moving toward an additional requirement of an intentional tort because the standard of care owed by a debtor in a trust relationship is ***already very high*** by virtue of his position as a trustee, ***therefore,*** relatively ***slight*** misconduct in such position satisfies the meaning of defalcation (emphasis supplied).

This observation also shows why the law under Section 523(a)(4) traditionally insists on proof of a technical or express trust already in existence at the time of the act or omission in question, as opposed to a resulting trust that arises by operation of law based on fraudulent conduct as in tort. In this Court's view, the more Section 523(a)(4) is construed as requiring some form of 'bad intent' as part of the test for defalcation or breach of fiduciary duty, the more it becomes interchangeable with the requirements for es-

tablishing torts such as fraud. Alongside defalcation, Congress, however, specifically included fraud, embezzlement, and larceny in this subsection, thereby implying each legal concept carries a distinct meaning to be enforced. *Accord Marcus v. Otis*, 168 F.2d 649, 657–58 (2d Cir.) (Hand, L., Circuit Judge), *reaff'd on reh'g*, 169 F.2d 148 (2d Cir.1948). As Judge Hand noted, although a debtor who commits defalcation under this provision can also be liable as a fraudfeasor or tortfeasor, the defalcation provision acknowledges that he is *first* a fiduciary and his conduct is to be judged ***accordingly.*** *See also* DAN B. DOBBS, HANDBOOK ON THE LAW OF REMEDIES 684–85 (1973).

**9.** *See also Caples*, 454 B.R. at 203 (court determined that defalcation includes "a willful or reckless neglect of a fiduciary duty"). *Accord Royal v. Blackwell*, 289 Ga. 473, 712 S.E.2d 815, 817 (2011) (upholding trial court's finding of breach of fiduciary duty, Georgia Supreme Court noted trial court's companion finding that same satisfies defalcation standard under 11 U.S.C. § 523(a)(4)).

erty consistent with his prescribed duties as a trustee in the precise circumstances presented.

■ Here, given the findings of the state superior court, the record shows a pattern of conduct amounting to the willful neglect by Debtor of his fiduciary duty to act as a co-trustee and keep himself informed regarding the status of the property to which he was entrusted, and ultimately, failed to produce on a timely basis for Plaintiff-beneficiaries. Cases like *Fish*, 2007 WL 4199598, *2, properly capture the flexible aspect of this standard consistent with the reasoning of the Eleventh Circuit and its stated reliance in *Quaif*, 4 F.3d at 955 and in *Bullock, supra*, on Judge Hand's opinion in *Herbst*, 93 F.2d at 512, which has been described as "carefully equivocal." *See Baylis*, 313 F.3d at 18; *see also Patel*, 565 F.3d at 970. In other words, this Court concludes that even though mere negligence is not enough, the failure of Debtor to account for allocated monies as traced to a persistent, willful, and knowing neglect of his fiduciary duties as a trustee to make reasonable inquiry and/or monitor the status of such funds as seen here objectively establishes a level of indifference and recklessness to satisfy Section 523(a)(4), consistent with the Eleventh Circuit's holding in *Bullock, supra*.

Plaintiffs refer to eleven different breaches of fiduciary duty as enumerated by the state court over a seven-year period. The state court found that *both* Debtor and his brother: (1) failed to ascertain their duties as trustees; (2) failed to exercise their authority by unanimous action; (3) failed to exercise reasonable care to prevent the other from breaching his duty, and failed to seek redress when anomalies were discovered; (4) failed to make timely distributions in certain years to Plaintiffs; (5) failed to administer the Trust on an impartial basis, paying themselves during the year while withholding Plaintiffs' share until year's end; (6) engaged in self-dealing by making themselves loans; (7) failed to keep proper records; (8) failed to manage properly the Trust's main asset consisting of a commercial building; (9) diverted Trust income and failed to keep same separate from their own property; (10) failed to provide timely reports to Plaintiffs; and, (11) failed to inform Plaintiffs of the existence of the Trust. *See* Final Judgment, dated December 15, 2009, as attached to Complaint herein.

■ Notwithstanding Debtor's plea of noninvolvement, prolonged inattention or absence can itself serve to support a finding of defalcation. At some point, such a dereliction of duty becomes so pronounced and sustained that it indicates either an objectively willful and reckless disregard of the consequences or a deliberate abandonment of one's legal responsibility to keep informed and perform one's duties. The fact that Debtor may not have directly participated in the actions leading to a damages award is not determinative, because as a co-trustee he had a specific duty to know what was happening. He had a duty to protect trust property from improper dissipation and failed to intervene in a timely manner. When he did finally act, losses had already occurred. Even if he completely trusted his co-trustee as stated in his testimony, and believed 'he was handling it' by investing the nephew-beneficiaries' share of monies coming into the Trust, Debtor still cannot abdicate his own special responsibility to his nephews in relation to his co-trustee/brother's improper disbursements. Beyond the question of whether or not the co-trustee/brother *could* handle it, both trustees were responsible for ensuring that it *was* being handled properly.

In no way was Debtor purely innocent in this matter. He is charged with knowl-

edge of his basic duties under the Trust. He should have known what was happening to trust monies. Moreover, Debtor testified before this Court that after he discovered his co-trustee's actions, he took improper advances from the Trust prior to a receiver being appointed without making an equal disbursement of the Plaintiff-nephews' share. Even if the Trust account was "settled up" at the end of the year as Debtor further testified, he should not have made these advances to himself prior to any disbursements to Plaintiffs.

In sum, in this Court's opinion, the eleven separate acts or omissions found by the state court as described above as a whole amount to, or even exceed, the necessary showing to support a conclusion that Debtor breached his fiduciary duty under the Trust, thus meeting the standard for proving defalcation. In accordance with Section 523(a)(4), this Court concludes that willful ignorance cannot be used as a defense to a complaint seeking to characterize harm resulting from certain acts or omissions as nondischargeable regardless of whether same was more immediately caused by another person acting as co-trustee. Compare *General Produce, Inc. v. Tucker (In re Tucker)*, 2007 WL 1100482, *7 (Bankr.M.D.Ga. April 10, 2007). Simply stated, the appointment of co-trustees assumes dual oversight, which Debtor failed to do, and his conduct thus rises above mere negligence as required under the law as determined by the Eleventh Circuit in *Bullock, supra.*

Based upon the above discussion, the Court concludes that the findings of fact as entered by the state superior court establish defalcation on the part of Debtor while acting in a fiduciary capacity as co-trustee in accordance with the applicable standard as set forth in Section 523(a)(4) of the United States Bankruptcy Code. Therefore, it is

**ORDERED** that the award for damages in the sum of $46,323.00 and $163,560.00 for attorney's fees against Defendant–Debtor as set forth in the Final Judgment entered by the Superior Court of Stephens County, Georgia on December 15, 2009 be, and the same hereby is, **nondischargeable** under 11 U.S.C. § 523(a)(4); and, it is

**FURTHER ORDERED** that judgment will be granted contemporaneously herewith in favor of Plaintiffs and against Defendant–Debtor.[10]

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiffs, counsel for Defendant–Debtor, the Chapter 13 Trustee, and the United States Trustee.

**IT IS SO ORDERED.**

---

**10.** As noted above, Plaintiffs appear to have limited their presentation at trial to proving their cause of action under Section 523(a)(4), and so no finding is made herein regarding any claims under Section 523(a)(2) or (a)(6).