### S09A0176. CHESTER et al. v. SMITH.
#### (677 SE2d 128)

MELTON, Justice.

Phil and Mary Chester (hereinafter collectively "Chester"), propounders of the Will of Sara Elizabeth Campbell, filed a petition to probate Campbell's Will in the Probate Court of Habersham County on May 23, 2006. On June 20, 2006, Campbell's brothers, Russell and Ray Smith (hereinafter collectively "Smith"), filed an objection to the probate of the Will. Following a hearing, the probate court rejected Campbell's Will for probate, finding that the witnesses to the Will had not signed it in Campbell's presence as required by OCGA § 53-4-20 (b) ("[a] will shall be attested and subscribed in the presence of the testator by two or more competent witnesses"). Chester appealed to the Superior Court of Habersham County, and Smith moved for summary judgment, arguing that Campbell's Will should be rejected as a matter of law because the Will had not been properly executed. Following a hearing, in an order dated March 18, 2008, the Superior Court initially denied Smith's motion for summary judgment. However, upon reconsideration, ten days later the court issued an order granting summary judgment to Smith, finding that Campbell's Will had not been properly executed. Chester appeals from this ruling. For the reasons that follow, we affirm.

On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003); OCGA § 9-11-56. With this standard in mind, we must consider whether Campbell's Will was properly executed. In this regard, Georgia law requires that the witnesses to Campbell's Will must have signed the Will in her presence in order for the Will to have been properly executed. Specifically,

> from the place where the testatrix is situated (such as sitting in a chair or lying in a bed) when the witnesses sign the will, she must be able to see the witnesses sign the will if she desired to do so without changing her place. This test is referred to as the "line-of-vision" test, and under this test, it is not necessary for the testator to have watched the witnesses sign, as long as the testator could have watched them sign.

(Footnotes and punctuation omitted.) *McCormick v. Jeffers*, 281 Ga. 264, 266 (1) (637 SE2d 666) (2006). See also OCGA § 53-4-20 (b).

Viewed in the light most favorable to Chester, the record reveals that on April 26, 2006, Campbell, who was in poor health, attempted to execute her Will while seated in the passenger seat of a car that was parked in a bank parking lot. The driver of the car in which Campbell was seated called a bank employee, Christina Evans, and asked Evans to come outside to the bank parking lot to assist Campbell in executing her Will. Evans agreed, exited the bank, and walked to the vehicle occupied by Campbell. Evans read the Will to Campbell, and Campbell signed it while still seated in the car. Evans then carried the Will inside the bank and asked two bank tellers, Betty Wilson and Kim Hulsey, to sign the Will as witnesses. Wilson and Hulsey signed the Will at their respective teller stations inside the bank. Although the Will contained an attestation clause that stated that the witnesses had signed the Will in Campbell's presence, affidavits from Evans, Wilson, and Hulsey established that Campbell could not have seen the witnesses sign the Will inside the bank based on Campbell's position in the parked car outside of the bank. Indeed, Campbell remained inside the vehicle when the witnesses signed the Will, and the structure of the bank directly prevented Campbell from seeing the witnesses sign her Will inside the bank. Because the undisputed evidence reveals that Campbell was unable to see the witnesses sign the Will if she had desired to do so, "any presumption of proper execution arising from the will's attestation clause has been rebutted by clear proof that the will was not properly ex-

ecuted." *McCormick v. Jeffers*, 281 Ga. at 267 (1). The Superior Court therefore properly granted summary judgment to Smith.* See id.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 2009.

*Bryant & Oakes, Craig S. Oakes*, for appellants.
*Caudell & Hotard, T. Gabriel Hotard, Jr.*, for appellee.

---

* To the extent that Chester argues that the superior court was without authority to reverse its original order denying summary judgment to Smith, such argument is without merit. "[A] trial judge has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify, or vacate the judgment, even upon his own motion." (Citations omitted.) *Bagley v. Robertson*, 265 Ga. 144, 146 (454 SE2d 478) (1995). See also OCGA § 15-6-3 (25) (A) (Habersham County Superior Court Terms).