A10A1808. CROWE v. ELDER.

(707 SE2d 494)

MIKELL, Judge.

This is the second appearance of this case in this court. Susan Crowe, the only child of decedent Walter E. Elder, III sued Eva Smith Elder ("Elder"), the decedent's widow, for breach of contract arising out of Elder's failure to honor an alleged agreement regard-

ing the ultimate distribution of the decedent's estate.[1] The trial court granted summary judgment to Elder, and Crowe appeals. We affirm.

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

So viewed, the evidence shows that the decedent died intestate in 2004, leaving an estate valued at approximately $3,000,000. Elder petitioned the Probate Court of Barrow County for year's support of $3,000,000, to which Crowe filed no objection. Crowe contended that she did not object to the petition in exchange for Elder's agreement to divide the estate equally with Crowe and the decedent's grandsons. The petition for year's support was granted on September 21, 2004.

On May 1, 2007, Crowe instituted the action that resulted in the first appearance of this case in this court. Crowe and the decedent's grandchild filed a motion to set aside the year's support in the Probate Court of Barrow County, alleging that Elder fraudulently induced Crowe's consent to the year's support by promising to divide the estate equally with Crowe and her children and then failed to honor that agreement. The probate court dismissed the action on the grounds that it lacked equity jurisdiction. Crowe appealed the dismissal to superior court. Elder filed a motion for summary judgment, which the trial court granted, concluding that only Crowe had standing to maintain the action and that Crowe had failed to state a valid claim for fraud. Crowe appealed the grant of summary judgment, and we affirmed the trial court's judgment.[3]

On July 24, 2008, Crowe filed the instant action in the Superior Court of Barrow County, alleging breach of contract based on the same facts alleged in the first action. Elder filed a motion for summary judgment, which the trial court granted on the grounds that res judicata barred Crowe's claim. On appeal, Crowe argues that res judicata did not bar her claim, but we disagree.

OCGA § 9-12-40 codifies Georgia's basic common law rule of res

---

[1] In Crowe's first appeal to this court, *Crowe v. Elder*, 296 Ga. App. XXIII (decided February 16, 2009) (*Crowe I*), she appealed the trial court's grant of summary judgment to Elder on her claim that Elder committed fraud when she failed to honor the same agreement. We affirmed the trial court's judgment in accordance with Court of Appeals Rule 36.

[2] (Citations and punctuation omitted.) *Chester v. Smith*, 285 Ga. 401-402 (677 SE2d 128) (2009).

[3] *Crowe I.*

judicata. The statute provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.[4]

In other words,

> [t]he doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.[5]

There is no dispute here as to the identity of parties. Crowe argues that the subject matters are not identical because the first action alleged fraud, while the instant action alleges breach of contract. A cause of action is defined as "the entire set of facts which give rise to an enforceable claim."[6] "The question in determining whether an issue has already been decided by another court is whether both claims arose from the same set of facts. To determine that question, we must examine the subject-matter and the issues as raised by the pleadings in the two cases."[7] In the instant case, Crowe's breach of contract claim arose out of the same facts as her fraud claim, i.e., the alleged breach of an agreement to divide the decedent's estate equally with Crowe and her three sons in exchange for Crowe's consent to the year's support. Thus, the subject matter is the same.

Crowe maintains that res judicata cannot apply because the probate court lacked jurisdiction to decide the breach of contract

---

[4] OCGA § 9-12-40.

[5] (Punctuation omitted.) *Body of Christ Overcoming Church of God v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010), citing *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 546 (629 SE2d 260) (2006) ("Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim") (citation omitted).

[6] (Citation and punctuation omitted.) *Morrison v. Morrison*, 284 Ga. 112, 116 (3) (663 SE2d 714) (2008).

[7] (Citation and punctuation omitted.) *QoS Networks Ltd. v. Warburg, Pincus & Co.*, 294 Ga. App. 528, 532 (1) (b) (669 SE2d 536) (2008).

claim. Probate courts have authority to exercise original, exclusive, and general jurisdiction over the probate of wills and over all other matters and things that appertain or relate to estates of deceased persons.[8] And where "the probate court has been given exclusive, original subject matter jurisdiction, its authority is broad."[9] We agree with the trial court's conclusion that Crowe had a full and fair opportunity to litigate the existence of the alleged agreement in the probate court and in the subsequent appeal from the probate court's order. Therefore, res judicata bars the instant action. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 1, 2011 —
RECONSIDERATION DENIED MARCH 18, 2011 — 

*Thomas M. Strickland,* for appellant.
*Fortson, Bentley & Griffin, Kevin E. Epps, J. Edward Allen, Jr.,* for appellee.

---

[8] See OCGA § 15-9-30 (a) (1), (10). See also *Morrison,* supra at 115 (3).

[9] (Citation and punctuation omitted.) *Greenway v. Hamilton,* 280 Ga. 652, 654-655 (2) (631 SE2d 689) (2006). See *Heath v. Sims,* 242 Ga. App. 691, 693 (1) (531 SE2d 115) (2000) (a claim that an executor breached his fiduciary duty does not fall outside of the probate court's jurisdiction simply because damages are sought). See also *Benefield v. Martin,* 276 Ga. App. 130, 131-132 (622 SE2d 469) (2005) (probate court had jurisdiction over claims for fraud and breach of contract related to allegations that executors breached their fiduciary duties to distribute the assets of an estate; equity jurisdiction was not required where plaintiff sought to recover damages, thus superior court had no basis for exercising concurrent jurisdiction).