S11G1069. CROWE v. ELDER.

(723 SE2d 428)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Crowe v. Elder*, 308 Ga. App. 529 (707 SE2d 494) (2011) (*"Crowe II"*), to consider whether that Court erred in determining that the doctrine of res judicata bars plaintiff Crowe's "complaint for breach of contract" in this litigation involving the ultimate distribution of Crowe's father's estate. For the reasons that follow, we conclude that res judicata is a bar to the present suit, and we affirm the judgment

---

of the Court of Appeals.

Walter E. Elder III ("decedent") died intestate in 2004, leaving an estate valued at approximately $3,000,000. His widow, Eva Smith Elder ("Elder"), petitioned the Probate Court of Barrow County for a year's support of $3,000,000. Decedent's only child, Susan Elder Crowe ("Crowe"), did not file an objection to the petition, and a year's support was granted to Elder for the entire estate sum.

On May 1, 2007, Crowe, individually and as guardian ad litem for her two minor sons, along with her emancipated son, filed in the probate court a motion to set aside the year's support award, alleging that Elder fraudulently induced Crowe and her sons to consent to the requested year's support by promising that, after it was granted, the estate would be divided equally among Elder, Crowe, and Crowe's three sons, who are grandsons of the decedent, but that Elder failed to honor that agreement. On December 14, 2007, the probate court dismissed the motion on the basis that it lacked equity jurisdiction.

Crowe appealed the dismissal to the superior court, and Elder filed a motion for summary judgment, which the superior court granted, after finding that Crowe had failed to state a valid claim for fraud. The superior court also found that inasmuch as Elder and Crowe were decedent's only heirs at law, Crowe's emancipated son and Crowe as guardian ad litem for her two minor sons were strangers to the order granting Elder's petition for year's support; therefore, they lacked standing to proceed as parties in the suit. Crowe appealed the grant of summary judgment to the Court of Appeals, and that Court affirmed the judgment without opinion pursuant to its Rule 36 ("*Crowe I*").[1]

In the meantime, in July 2008, Crowe filed in the superior court the present complaint for breach of contract against Elder for Elder's failure to honor the alleged agreement regarding the ultimate distribution of decedent's estate, that is, that it would be divided into five equal parts to go to Elder, Crowe, and decedent's three grandsons. The superior court granted summary judgment to Elder, finding that res judicata barred Crowe's claims.

After examining the claims in *Crowe I* and the instant case, the Court of Appeals affirmed the judgment of the superior court; it found it undisputed that the elements of res judicata were satisfied, and consequently, that the doctrine barred this breach of contract action. And, so it does.

As noted by the Court of Appeals, OCGA § 9-12-40 represents a

---

[1] 296 Ga. App. XXIII (Case No. A09A0075) (Feb. 16, 2009) (cert. not applied for).

codification of the common law doctrine of res judicata, and provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

The purpose of the doctrine is to prevent the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. *Body of Christ Overcoming Church of God v. Brinson,* 287 Ga. 485 (696 SE2d 667) (2010). These prerequisites must be satisfied before res judicata acts as a bar to subsequent litigation — identity of the cause of action, identity of the parties or their privies, and a previous adjudication on the merits by a court of competent jurisdiction. Id. Consequently, these elements provide the framework for the analysis in the present case.

*Identity of parties.* There is no dispute that Crowe is the plaintiff and Elder is the defendant in both suits.

*Identity of causes of action.* A cause of action has been deemed to be "the entire set of facts which give rise to an enforceable claim." *Morrison v. Morrison,* 284 Ga. 112, 116 (3) (663 SE2d 714) (2008) (Punctuation omitted.). To determine what constitutes each cause of action in the present situation the subject matter and the issues raised by the pleadings in the two cases must be examined. *QoS Networks Ltd. v. Warburg, Pincus & Co.,* 294 Ga. App. 528, 532 (1) (b) (669 SE2d 536) (2008), citing *Gamble v. Gamble,* 204 Ga. 82, 87 (1) (48 SE2d 540) (1948). It is indisputable that the relevant facts pled in Crowe's attempt to set aside the year's support award on the basis of fraud, initially filed in the probate court and appealed to the superior court, are identical to those alleged by Crowe in support of her claim for breach of contract. And, while Crowe's first attempt to challenge the distribution of decedent's estate was couched in terms of fraud and the present action is cast as one sounding in contract, the allegation of Elder's misconduct which forms the basis of each cause is the same. The gravamen of each challenge is the assertion that Elder refused to abide by an oral agreement with Crowe regarding the ultimate distribution of decedent's estate in equal shares to Elder, Crowe and Crowe's sons. Consequently, in the present action, Crowe has sought to recover judgment from Elder in the principal sum of $2,400,000, obviously representing four of the five equal shares of decedent's $3,000,000 estate awarded to Elder as a year's support. The recasting of the same alleged conduct by Elder

as breach of contract instead of fraud does not constitute a new or different cause of action. Compare *Morrison v. Morrison*, supra at 115 (3) (res judicata not a bar because no identity of causes of action as fraud and non-fraud claims depend upon different set of facts).

*Prior adjudication on the merits by a court of competent jurisdiction.* A probate court has broad authority to exercise its original, exclusive, and general jurisdiction over the probate of wills and "[a]ll other matters and things as appertain or relate to estates of deceased persons." OCGA § 15-9-30 (a) (10); *Greenway v. Hamilton*, 280 Ga. 652, 654 (2) (631 SE2d 689) (2006). This jurisdiction may encompass adjudicating claims for fraud and breach of contract related to the distribution of a decedent's estate by one in the position to do so. *Benefield v. Martin*, 276 Ga. App. 130 (622 SE2d 469) (2005); see also *Heath v. Sims*, 242 Ga. App. 691, 692 (1) (531 SE2d 115) (2000). But, even assuming that either Crowe's fraud claim or the one for breach of contract or both were outside the authority of the probate court, Crowe chose the forum, and therefore, was bound by its limitations and not immune from the subsequent application of res judicata to a later attempt to revive a cause of action based upon the same facts. *Green v. Bd. of Directors of Park Cliff Unit Owners Assn.*, 279 Ga. App. 567, 570 (2) (631 SE2d 769) (2006); *Mahan v. Watkins*, 256 Ga. App. 260, 261 (568 SE2d 130) (2002). Crowe could have originally brought her fraud claim in superior court and alleged both the fraud and breach of contract theories regarding the distribution of her father's estate. See *Hogg v. Hogg*, 206 Ga. 691 (58 SE2d 403) (1950). What is more, even assuming that the fraud claim and/or the alleged breach of contract cause of action exceeded the jurisdiction of the probate court at the time Crowe filed her original attempt to set aside the award of a year's support, the action could have been transferred to the superior court for resolution. See *Bandy v. Henderson*, 284 Ga. 692 (670 SE2d 792) (2008); *Hiers v. Estate of Hiers*, 278 Ga. App. 242 (628 SE2d 653) (2006). Ultimately, Crowe's fraud claim was determined on the merits on appeal to the superior court, and Crowe had a full and fair opportunity to have litigated any related claims against Elder in the action she initially filed.

Simply, Crowe's restyling of the present complaint in terms of a breach of contract theory of recovery which was ascertainable in the original case will not revive her cause of action for fraud that was defeated on appeal from a summary judgment ruling. *Smith v. Lockridge*, 288 Ga. 180, 186 (4) (702 SE2d 858) (2010).

Consequently, the Court of Appeals did not err in holding that res judicata bars the present complaint for breach of contract.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2012 —
RECONSIDERATION DENIED MARCH 19, 2012.

*Thomas M. Strickland*, for appellant.
*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Kevin E. Epps*, for appellee.