[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15692
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01293-SCJ

ANGELA GREENE JOHNSON,
Individually and in her representative
capacity for her Minor Children M.J. and S.J.,

Plaintiff-Appellant,

versus

GIRL SCOUTS OF THE USA,
GIRLS SCOUTS OF GREATER ATLANTA, INC.,
GIRL SCOUT TROOP 1164,
MICHELLE NORMAN,
Individually and in her Official Capacity as
Leader of Troop 1164 and Agent of Girl
Scouts of USA,
HEATHER SPYKE,
Individually and in her Official Capacity as
Leader of Troop 1164 and Agent for
The Girl Scouts of the USA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 2, 2014)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Angela Greene Johnson, proceeding *pro se* on behalf of herself and her two minor children, appeals the district court's dismissal of her complaint on the grounds of *res judicata*. The complaint alleges violations of 42 U.S.C. §§ 1981, 1985, "2000et seq.," the Fourteenth Amendment, and the Americans with Disabilities Act (the "ADA"). Johnson had previously brought a state-court action in Georgia arising out of the same set of facts, which was dismissed for failure to state a claim. On appeal, Johnson argues that the district court should not have dismissed her claims as barred by *res judicata* because (1) she never raised claims of discrimination in state court, (2) the state court did not have jurisdiction to hear federal-question claims, (3) she did not have a full and fair opportunity to litigate discrimination in her state-court case, (4) the state court impermissibly "speculated" and "expanded" her pleading when it considered discrimination claims she had not raised, and (5) applying *res judicata* to her case would create a grave injustice.

2

Having fully considered the record and Johnson's arguments for reversal, we affirm the district court's judgment.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). Whether *res judicata* bars a claim is a question of law that we review *de novo*. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). When giving a state-court judgment preclusive effect, we apply the *res judicata* law of the state whose court rendered the judgment. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

Although *res judicata* is not a defense under Rule 12(b), it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). When ruling on a Rule 12(b)(6) motion on grounds of *res judicata*, the district court should look at a copy of the state trial court's records, if they have been introduced into evidence. *See id.* at 1076 (stating that "[a]dditional evidence, preferably a copy of the state trial court's records, is required in order to apply the doctrine of res judicata in the context of . . . a Rule 12(b)(6) motion to dismiss").

Under Georgia's *res judicata* statute:

[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue

3

or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

O.C.G.A. § 9-12-40.  Three prerequisites must be met before *res judicata* will apply: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction. *Crowe v. Elder*, 723 S.E.2d 428, 430–31 (Ga. 2012).  *Res judicata* prevents "the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Id.* at 430.  *Res judicata* applies even when "some new factual allegations have been made, some new relief has been requested, or a new defendant has been added." *Dalton Paving & Constr., Inc. v. S. Green Constr. of Ga., Inc.*, 643 S.E.2d 754, 756 (Ga. Ct. App. 2007) (quotation omitted).  Applying *res judicata* does not create a "grave injustice" because "'[s]imple justice' is achieved when a complex body of law developed over a period of years is evenhandedly applied." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S. Ct. 2424, 2429, 69 L. Ed. 2d 103 (1981).

When determining "identity of cause of action," a cause of action is defined as "the entire set of facts which give rise to an enforceable claim." *Crowe*, 723 S.E.2d at 430 (quotations omitted).  Two different claims constitute an identical cause of action when they are based on the same allegations of misconduct. *See id.*

4

at 430-31 (holding that *res judicata* barred a suit for breach of contract when a previous suit for fraud, based on the same facts and same allegations of misconduct, had been dismissed).  A party may not recast the same alleged conduct into a new cause of action by asserting a new theory of recovery.  *See id.* at 431.

When determining "identity of the parties or their privies," a "privy" is "one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Lilly v. Heard*, 761 S.E.2d 46, 50 (Ga. 2014) (quotations omitted).  "Privity may be established if the party to the first suit represented the interests of the party to the second suit." *Brown & Williamson Tobacco Corp. v. Gault*, 627 S.E.2d 549, 552 (Ga. 2006) (quotations and alteration omitted).  The application of *res judicata* may not be avoided by the addition of new parties in a subsequent suit where the new parties' alleged liability "is predicated on the same operative facts and acts of misconduct which were the subject of the original suit." *Caswell v. Caswell*, 290 S.E.2d 171, 172 (Ga. Ct. App. 1982).

When determining whether there was an adjudication on the merits by a court of competent jurisdiction, a Georgia state-court dismissal for failure to state a claim is an adjudication on the merits with prejudice. *Roberson v. Northrup*, 691 S.E.2d 547, 547–48 (Ga. Ct. App. 2010).  Further, a plaintiff consents to the

5

personal jurisdiction of a court by bringing suit in that court. *Adam v. Saenger*, 303 U.S. 59, 67–68, 58 S. Ct. 454, 458, 82 L. Ed. 2d 649 (1938). Moreover, a court has competent jurisdiction for purposes of *res judicata* when it had competent jurisdiction over the originally litigated claim, even if it would not have had jurisdiction over the subsequent claim arising out of the same cause of action. *See Crowe*, 723 S.E.2d at 431 (stating that even if a subsequent claim was outside the authority of the original court, "[the plaintiff] chose the forum, and therefore, was bound by its limitations and not immune from the subsequent application of res judicata to a later attempt to revive a cause of action based upon the same facts.").

Also, "[t]he States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause." *Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S. Ct. 792, 795, 107 L. Ed. 2d 887 (1990). Accordingly, state courts have the inherent authority to adjudicate claims arising under the laws of the United States, and presumptively have jurisdiction over federal questions unless Congress divests them of that jurisdiction. *Id.* at 458–60, 110 S. Ct. at 795.

The district court properly dismissed Johnson's complaint on grounds of *res judicata* due to the identity of the claims presented in the Georgia court and in the

district court below, the identity of the parties or their privies, and the Georgia

court's adjudication of the claims on the merits.

AFFIRMED.