**Rosena MCNEAR, Plaintiff–Appellant,**

v.

**WELLS FARGO BANK, N.A., as Trustee for the Certificateholders of Securitized Asset Banked Receivables, LLC, First Franklin Mortage Loan Trust 2004–FF8 Mortgage Pass through Certificate Series 2004 FF, Defendants–Appellees,**

**MTGLQ Investors LP., Defendant.**

**No. 15–13214**
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 06/03/2016

---

Rosena McNear, Pro Se.

Elizabeth Joy Campbell, Jessica Diane Ray Gallegos, Locke Lord, LLP, Atlanta, GA, for Defendant–Appellee.

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Rosena McNear, proceeding *pro se*, appeals the district court's dismissal of her complaint against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo Bank, N.A. as Trustee for the Certificate Holders of Securitized Asset Backed Receivables LLC, First Franklin Mortgage Loan Trust 2004–FF8 Mortgage Pass through Certificate Series 2004 FF8 ("Wells Fargo Trustee") (collectively, the "Wells Fargo defendants"),[1] on the ground that her claims were barred by res judicata. After careful review, we affirm.

I.

The magistrate judge's May 11, 2015 report and recommendation, which the district court adopted, contains a thorough recitation of the facts and procedural history of McNear's claims; we do not recite them in detail here. In short, McNear's claims arise out of foreclosure proceedings on a piece of real property she acquired in 1999. In 2004, McNear obtained a loan from First Franklin Financial Corporation and used the loan proceeds to refinance the property. The loan was secured by a security deed to the property, and the security deed subsequently was assigned to Wells Fargo Trustee. When McNear defaulted on her obligations under the loan and security deed sometime between 2010

---

1. McNear also named as a defendant MTGLQ Investors LP, but MTGLQ was voluntarily dismissed as a party on May 1, 2015. The Wells Fargo defendants contend that the only proper party is Wells Fargo, but we need not parse this argument because we affirm the district court's dismissal of McNear's claims.

and 2011, Wells Fargo Trustee initiated foreclosure proceedings, and, in 2013, purchased the property at the foreclosure sale.

McNear first filed a lawsuit based on this series of events in 2011 ("*McNear I*"), contending essentially that Wells Fargo lacked authority to foreclose on her home because the assignment of the security deed was defective. Although McNear filed her lawsuit in state court, the defendant in that case (for reasons that are unclear from the record, Bank of America, N.A.) removed the case to federal district court and filed a motion to dismiss. McNear then moved to voluntarily dismiss the action, and the district court dismissed the case without prejudice. In 2012, McNear again challenged the foreclosure in state court, this time against Wells Fargo in a pleading styled a "Writ for Habeas Corpus" ("*McNear II*"). Wells Fargo moved to dismiss. After a hearing on the motion, the court dismissed *McNear II* with prejudice, concluding that McNear's "attempt to utilize a writ of habeas corpus to contest the foreclosure of her real property and to argue the propriety of its encumbrances fails to state a claim upon which relief may be granted." Sup. Ct. Ord., Doc. 11–3 at 1.[2]

Later in 2012, McNear initiated in state court a third lawsuit attempting to stop the impending foreclosure ("*McNear III*"), styled a "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction," against Wells Fargo and other defendants. Wells Fargo removed the case to federal district court and moved to dismiss. McNear then filed a notice of voluntary dismissal, which the district court accepted. In January 2013, McNear again filed suit in state court ("*McNear IV*"), this time against Wells Fargo Trustee and another defendant. Wells Fargo Trustee removed the action to federal district court and moved to dismiss. A magistrate judge issued a report and recommendation determining that McNear's claims were barred by res judicata and recommending that the case be dismissed with prejudice. The district court adopted the report and recommendation and dismissed the case.

Once *McNear IV* concluded and the foreclosure sale was complete, Wells Fargo Trustee initiated dispossessory proceedings against McNear's property. After a hearing, Wells Fargo Trustee obtained a writ of possession. McNear's appeal from that proceeding eventually was denied, but before that ruling McNear filed the instant suit, styled a "Complaint to Quiet Title, Wrongful Foreclosure, Wrongful Eviction, Declaratory Relief, Title Fraud, and Damages," in state court. She amended her complaint to include various claims for damages and injunctive relief, including claims for violations of the Internal Revenue Code, the Securities Exchange Act, and wrongful foreclosure.

The Wells Fargo defendants removed the action to federal district court based on diversity and federal question jurisdiction and moved to dismiss the amended complaint on res judicata grounds. McNear contended in response that her previous lawsuits did not bar her current claims and requested leave from the district court to file a second amended complaint. In a report and recommendation, a magistrate judge concluded that McNear's claims were barred by res judicata based on *McNear II* and *McNear IV* and recommended that the district court dismiss the suit with prejudice. The report and recommendation did not address McNear's request to file a second amended complaint. Over McNear's objection, the district court adopted the magistrate judge's report and

**2.** "Doc" refers to the entry on the district court docket in this case.

recommendation and dismissed McNear's suit—her fifth—with prejudice. This is McNear's appeal.

## II.

The doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). We review *de novo* a district court's legal determination that a claim is barred by res judicata. *Id.* A claim is barred by res judicata if each of the following elements is satisfied: (1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties (or those in privity with them) are identical in both suits, and (4) the cases involve the same cause of action. *Id.*

Additionally, "[w]hen we are asked to give res judicata effect to a state court judgment [here, *McNear II*], we must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (alteration, emphasis, and internal quotation marks omitted). Under Georgia law, the essential elements of res judicata are substantively the same as under federal law: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 629 S.E.2d 260, 262 (2006) (internal quotation marks omitted).

Although McNear was represented by counsel at several points throughout her previous lawsuits, she proceeds *pro se* in this appeal. We hold *pro se* pleadings to a less stringent standard than counseled pleadings but do not exempt *pro se* litigants from the requirements of procedural rules. *Moton v. Cowart*, 631 F.3d 1337, 1340 n. 2 (11th Cir. 2011).

## III.

■ We agree that, for the reasons stated in the magistrate judge's May 11, 2015 report and recommendation, and in the district court's June 17, 2015 order adopting it, McNear's claims are barred by res judicata. McNear previously brought the same causes of action against the same defendants in *McNear II* and *McNear IV*. The orders dismissing those actions were final adjudications on the merits by courts of competent jurisdiction, satisfying the elements of both the state and federal res judicata tests. *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (concluding that an order granting a defendant's motion to dismiss for failure to state a claim "was an adjudication on the merits"); *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302,223 S.E.2d 625, 626 (1976) (same).[3] Wells Fargo was named as a defendant in *McNear II* and Wells Fargo Trustee was named as a defendant in *McNear IV*, so this action involves the same parties as those previous cases.

The only remaining element in both res judicata tests is the identity of the causes of action in *McNear II*, *McNear IV*, and this case. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, ... the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Citibank, N.A. v.*

---

**3.** For the first time in her reply brief, McNear arguably challenges the court-of-competent-jurisdiction element of res judicata, emphasizing that the judge in *McNear II* told her that she "was in the wrong court." Reply Br. at

14. But she failed to raise this argument in her initial brief (or in the district court); accordingly, we do not address it here. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

*Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) (internal quotation marks omitted); *see Crowe v. Elder*, 290 Ga. 686, 723 S.E.2d 428, 430–31 (2012) (defining a "cause of action" as "the entire set of facts which give rise to an enforceable claim" and holding that "[t]he recasting of the same alleged conduct by [the defendant] as breach of contract instead of fraud does not constitute a new or different cause of action" for purposes of res judicata (internal quotation marks omitted)). As the magistrate judge and the district court concluded, *McNear II*, *McNear IV*, and this case are all based on the allegedly defective assignment of the security deed and the Wells Fargo defendants' alleged resulting lack of authority to foreclose on McNear's property.

On appeal, McNear argues that res judicata is inapplicable to *pro se* litigants like herself.[4] But none of the authority she cites as supporting that proposition even mentions the application of res judicata to *pro se* litigants. Both this Court and Georgia courts apply res judicata to counseled and uncounseled parties alike. *See George v. White*, 837 F.2d 1516, 1517 (11th Cir. 1988) (affirming the district court's dismissal of *pro se* plaintiff's § 1983 claim as barred by res judicata); *Rose v. Household Fin. Corp.*, 316 Ga.App. 282, 728 S.E.2d 879, 881 (2012) (affirming the trial court's order granting defendant summary judgment on res judicata grounds against *pro se* litigant).

McNear also contends that the causes of action in *McNear II* and *McNear IV* were not identical to the claims in this case because her damages did not accrue until

after she was evicted, which she contends occurred after her previous cases were terminated. But "[t]he doctrine [of res judicata] applies ... even if some new factual allegations have been made[ or] some new relief has been requested.... It is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable offense." *Neely v. City of Riverdale*, 298 Ga.App. 884, 681 S.E.2d 677, 679 (2009). This case, *McNear II*, and *McNear IV* are all based on the same nucleus of operative fact and the same alleged conduct by the defendants: in all three, McNear contested the foreclosure of her home and, specifically, the Wells Fargo defendants' authority under the security deed to effect the foreclosure. The fact that she sought new relief or asserted a new theory of recovery matters not. *See Crowe*, 723 S.E.2d at 430–31. Res judicata applies to bar McNear's claims in this case.[5]

Lastly, McNear argues that the district court erred when it denied her request to file an amended complaint. She argues that it was her first request to file an amended complaint and points to the requirement that litigants be permitted to amend their complaints at least once unless amendment would be futile. *See Corsello v. Lincare*, 428 F.3d 1008, 1014 (11th Cir. 2005). But McNear's request was not her first. In fact, it was her amended complaint that the district court dismissed as barred by res judicata. And the district court did not abuse its discretion in declining to grant McNear leave to file a second amended complaint. *See id.* at 1012 ("[W]e

---

4. McNear raises this argument for the first time on appeal. Ordinarily, then, we would not address it. *See Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994). But, because the resolution of the issue is clear, we exercise our discretion to consider it. *See id.* at 1527.

5. Accordingly, we need not address the Wells Fargo defendants' alternative argument that McNear's complaint was due to be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

review the denial of a motion to amend a complaint for abuse of discretion."). The amendments McNear proposes on appeal all arise from the same set of operative facts as those in her amended complaint, which the district court properly dismissed on the basis of res judicata. Thus, the amendment would be futile. *See id.* at 1014 ("The district court ... need not allow an amendment ... where amendment would be futile." (internal quotation marks omitted)).

Accordingly, we affirm the district court's dismissal of McNear's claims with prejudice.

**AFFIRMED.**