[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13418
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00134-RGV

JOHN K. ANING,
KATHLEEN FOTWE ANING,

Plaintiffs-Appellants,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendant,

CITIMORTGAGE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 29, 2016)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

John and Kathleen Aning, proceeding pro se, appeal the district court's grant of summary judgment in favor of CitiMortgage, Inc. ("CitiMortgage") in their wrongful foreclosure and fraud civil suit.[1]  On appeal, the Anings argue that: (1) CitiMortgage purposefully deceived them and committed fraud in other ways to induce John Aning not to act to cure his default; (2) the district court abused its discretion by admitting certain facts for summary judgment purposes when the Anings failed to comply with Local Rule 56.1B(2); and (3) the district court erred in granting summary judgment to CitiMortgage on the Anings's wrongful foreclosure claim.  After careful review, we affirm.

We review a district court's application of its local rules for abuse of discretion, requiring a plaintiff to demonstrate that the district court made a clear error of judgment.  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009). We review the grant of summary judgment de novo.  Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1274 (11th Cir. 2008).  "Summary judgment is rendered 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Id.  In

---

[1] The Anings also raised a claim for intentional infliction of emotional distress and named the Federal National Mortgage Association ("Fannie Mae") as a defendant.  The district court dismissed the tort claim, and Fannie Mae as a party, shortly after removal to federal court.  The Anings briefly make reference to Fannie Mae on appeal, but do not discuss the tort claim or challenge either dismissal.  Thus, these issues are abandoned.  See Carmichael v. Kellogg, Brown, & Root Serv., Inc., 572 F.3d 1271, 1293 (11th Cir. 2009) (issues ignored or scarcely mentioned on appeal are deemed abandoned).

making this assessment, we view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in favor of the nonmovant.  Id.

The party moving for summary judgment bears the initial burden of establishing the absence of a dispute over a material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party, who may not rest upon mere allegations, but must set forth specific facts showing that there is a genuine issue for trial.  Id.  The non-moving party cannot survive summary judgment by presenting "a mere scintilla of evidence."  Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1323 (11th Cir. 2007).

First, we reject the Anings's claim -- raised for the first time in their response to CitiMortgage's summary judgment motion -- that CitiMortgage purposefully deceived them and otherwise committed fraud to induce John Aning not to act to cure his default.  For starters, a response to a summary judgment motion cannot create a new claim or theory of liability.  See Miccosukee Tribe of Indians of Fla. v. United States, 716 F.3d 535, 559 (11th Cir. 2013).  As we've emphasized, "a plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment."  Id.  Moreover, we will generally not consider an issue not raised in the district court.  Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

3

We have also said that "if a party hopes to preserve a claim, argument, theory, or defense for appeal, [he] must first clearly present it to the district court" in a way that provides the lower court an opportunity to recognize and rule on the claim. In re Pan Am. World Airways, Inc., 905 F.2d 1457, 1462 (11th Cir. 1990).

Here, the Anings's complaint did not allege that CitiMortgage committed fraud by purposefully inducing John Aning not to act to cure his default. While the Anings did raise a fraud claim, they only challenged the assignment of the security deed to CitiMortgage from Mortgage Electronic Registration Systems, Inc. ("MERS"). Notably, the complaint does not claim they relied on a CitiMortgage promise to send documents that would help cure their default or avoid foreclosure. As we've said, we need not address issues not raised in the district court. See Access Now, 385 F.3d at 1331. As for the Anings's argument that they raised this claim in response to CitiMortgage's summary judgment motion, we've held that a party may not make new claims when responding to a summary judgment motion. See Miccosukee Tribe, 716 F.3d at 559. Nor did the Anings preserve this theory or issue for appeal, since the district court was not given an opportunity to address it in the first instance. See Pan Am. World Airways, Inc., 905 F.2d at 1462. Thus, this claim is not properly before us, and we decline to consider it.

Next, we are unpersuaded by the Anings's claim that the district court abused its discretion by admitting certain facts for summary judgment purposes

4

when the Anings failed to comply with Local Rule 56.1B(2). Federal Rule of Civil Procedure 56 requires a party asserting that a fact is genuinely disputed to support his assertion by citing to specific materials in the record, and a failure to do so allows the district court to consider the facts as undisputed for purposes of the motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A), (e)(2). Similarly, Northern District of Georgia Local Rule 56.1 "demands that the non-movant's response [to a motion for summary judgment] contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts." Mann, 588 F.3d at 1302–03 (holding that plaintiffs' "convoluted, argumentative and non-responsive" response failed to comply with Local Rule 56.1); N.D. Ga. R. 56.1B(2)(a)(1). It further provides that:

> This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provision set out in [N.D. Ga. R. 56.1].

N.D. Ga. R. 56.1B(2)(a)(2); see Mann, 588 F.3d at 1302–03.

In applying Local Rule 56.1 at the summary judgment stage, the district court should "disregard or ignore evidence relied on by the respondent -- but not cited in its response to the movant's statement of undisputed facts -- that yields facts contrary to those listed in the movant's statement." Reese v. Herbert, 527

5

F.3d 1253, 1268 (11th Cir. 2008).  A Local Rule 56.1 statement, however, "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record," and, therefore, courts must still review the materials submitted by the movant "to determine if there is, indeed, no genuine issue of material fact."  Id. at 1269, 1303 (quotation omitted).  Although courts construe pleadings filed by pro se parties liberally, we have consistently held that a pro se party must still follow the rules of procedure.  United States v. Ly, 646 F.3d 1307, 1315 (11th Cir. 2011).

In this case, the district court did not make a clear error of judgment in applying Local Rule 56.1 to deem CitiMortgage's statements of material facts as admitted.   Because Local Rule 56.1 is an ordinary procedural rule of civil litigation, the Anings were bound to follow it.  See id.  Nevertheless, the Anings did not comply with the rule.  While they did individually number their statements, and those numbers corresponded to those in CitiMortgage's statement of facts, they did not include any citations to evidence in the record, nor did they refute the statements of fact they denied or disputed.  See N.D. Ga. R. 56.1B(2)(a)(2).  Their statements were conclusory, argumentative, and otherwise failed to make valid objections to CitiMortgage's material facts.  See id.  Accordingly, the district court did not abuse its discretion in admitting CitiMortgage's statement of facts.

Finally, we find no merit to the Anings's claim that the district court erred in granting summary judgment to CitiMortgage on their wrongful foreclosure claim.

6

Georgia law permits non-judicial power of sale foreclosures "as a means of enforcing a debtor's obligation to repay a loan secured by real property." You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 430 (Ga. 2013). Non-judicial foreclosures are governed primarily by contract law. Id. To state a claim for wrongful foreclosure, a plaintiff must allege facts that establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012) (quotation omitted).

The statutory requirements for foreclosure in Georgia "consist primarily of rules governing the manner and content of notice that must be given to a debtor in default prior to the conduct of a foreclosure sale." You, 743 S.E.2d at 431. The relevant statute addressing foreclosure practices defines debtor as "the grantor of the mortgage, security deed, or other lien contract." O.C.G.A. § 44-14-162.1. The statute refers to the other party to the foreclosure as the "secured creditor," but does not define that term. Id.; see generally O.C.G.A. §§ 44-14-160–162.4.

Under Georgia law, a foreclosing party need only send a debtor one notice, at least 30 days before a foreclosure sale, of the initiation of foreclosure proceedings. See O.C.G.A. § 44-14-162.2. The notice must contain the name and

contact information of one individual, the "individual or entity [with] full authority to negotiate, amend, and modify all terms of the mortgage with the debtor."  Id.[2]

Here, the district court did not err in granting summary judgment on the Anings's wrongful foreclosure claim after determining that there were no genuine issues of material fact.  First, there were no genuine issues of material fact about the Anings's default on their mortgage.  As the record shows, the Anings modified the terms of their loan in March 2010, and then defaulted in November when Aning submitted his loan payment on November 18, after the November 1 due date, and continued to make untimely payments throughout 2011, sometimes missing months altogether.  Although the Anings have maintained that they were not in default because John Aning never stopped making payments toward his loan, they were nonetheless in default -- the terms of the loan provided that mortgage payments were due on the first day of each month, and made clear that if the full amount of each monthly payment was not paid on the first of the month,

_____

[2] In relevant part, O.C.G.A. § 44-14-162.2(a) provides that:

> [n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure.  Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or such other address as the debtor may designate by written notice to the secured creditor.

Id.  At least one Georgia court has said that notice is proper if it substantially complies with the requirements of § 44-14-162.2.  See, e.g., TKW Partners, LLC v. Archer Capital Fund, LP, 691 S.E.2d 300, 303 (Ga. Ct. App. 2010).

they would be in default.  Accordingly, the district court correctly determined that the Anings were in default beginning in November 2010, and were still in default at the time CitiMortgage delivered the notice of default and began foreclosure proceedings, in November 2011.

Moreover, as a matter of contract, CitiMortgage complied with all the terms of the security deed's power of sale provision, based on the information included in the notice of default.  The notice of default also showed that CitiMortgage substantially complied with the statutory requirements of O.C.G.A. § 44-14-162.2(a).  The record further reveals that CitiMortgage gave Aning a foreclosure notice explaining that the loan had been accelerated, due to the default, and that a foreclosure sale would take place on the first Tuesday of March, 2012.  Thus, CitiMortgage established that it provided the Anings with proper notice of the initial default, and later, foreclosure.  See TKW Partners, 691 S.E.2d at 303.  The Anings have not presented evidence that CitiMortgage, as the foreclosing party, breached any duty owed, or that the foreclosure was the result of anything other than the Anings defaulting on their mortgage.  See Racette, 733 S.E.2d at 462.

As for the Anings's claim that CitiMortgage breached its duty to "help facilitate" their loan repayment by refusing to give them alternatives other than payment in full or acceleration of the loan, they have presented no evidence that this duty existed in the terms of the note or security deed.  As a result, this alleged

9

breach cannot serve as the basis for a wrongful foreclosure action, which requires a breach of a legal duty.  Id.  Likewise, they have presented no evidence that selling the property for less than what they claim it is worth is a breach of the note or security agreement.  In any event, because the Anings make these arguments -- that CitiMortgage failed to provide foreclosure alternatives and sold the property for an unreasonable price -- for the first time here and not in the district court, we need not consider them.  See Access Now, 385 F.3d at 1331.   Accordingly,  the  district court did not err in granting summary judgment in favor of CitiMortgage on the Anings's wrongful foreclosure claim.

       **AFFIRMED**.