[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13654
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00113-TWT

JOHN K. ANING,
KATHLEEN FOTWE ANING,

                                                    Plaintiffs-Appellants,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
CITIMORTGAGE, INC.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 30, 2018)

Before MARCUS, JILL PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Kathleen and John Aning (collectively, the "Anings"), pro se litigants,

appeal the district court's grant of the defendants' motion to dismiss the Anings'

suit seeking to enjoin the sale of a foreclosed property. This case follows an earlier one, in which we affirmed the district court's grant of summary judgment to the defendants on the Anings' wrongful foreclosure and fraud claims. See Aning v. Fed. Nat'l Morg. Ass'n, 663 F. App'x 773 (11th Cir. 2016) (unpublished). The district court dismissed the instant case on res judicata grounds, and in this appeal, the Anings challenge that ruling. The defendants respond in support of the district court and move in their briefing to dismiss John Aning as an improper party to the appeal. After thorough review, we dismiss in part and affirm in part.

We review de novo a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam). Whether res judicata bars a claim is a question of law we review de novo. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). While we liberally construe pro se pleadings and hold them to a less strict standard than counseled pleadings, we deem issues not briefed on appeal to be abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

For starters, we grant the defendants' motion to dismiss John Aning as an improper party. It is well established that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). But, "[a] pro se notice of appeal is considered filed on behalf

2

of the signer and the signer's spouse . . . unless the notice clearly indicates otherwise." Fed. R. App. P. 3(c)(2).

Here, both of the Anings signed the appeals brief in various places, suggesting that they intended for both John and Kathleen to be parties to this appeal. In addition, although only Kathleen signed the notice of appeal, because the Anings are proceeding pro se, she was permitted to sign on behalf of her husband. Id. However, as the record reveals, the district court dismissed John Aning as a party for not signing the complaint, and the Anings have not challenged that ruling on appeal. Fed. R. Civ. P. 11(a). Because the Anings have not raised any challenges to John Aning's dismissal in the lower court action, those arguments are abandoned. Timson, 518 F.3d at 874. We therefore GRANT the defendants' motion to dismiss the appeal as to John Aning.

As for the remaining issue on appeal -- whether the district court erred in dismissing the complaint on res judicata grounds -- we are unpersuaded. Res judicata may be raised in a Rule 12(b)(6) motion when the existence of the defense can be gleaned from the face of the complaint. Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982). When ruling on a Rule 12(b)(6) motion raising res judicata, the district court should look at a copy of the state trial court's records, if they have been introduced into evidence. See id. at 1076. A district court may consider documents attached to a motion to dismiss without converting it into a

3

motion for summary judgment if the documents are central to the plaintiff's claims and they are undisputed.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

When exercising diversity jurisdiction, we apply the state law of res judicata in which the federal diversity court sits.  Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001).  Under Georgia's res judicata statute:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

O.C.G.A. § 9-12-40.  Res judicata's three prerequisites are: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction.  Crowe v. Elder, 723 S.E.2d 428, 430 (Ga. 2012).  Res judicata prevents "the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."  Id.  Res judicata applies even when "some new factual allegations have been made, some new relief has been requested, or a new defendant has been added."  Dalton Paving & Constr., Inc. v. S. Green Constr. of Ga., Inc., 643 S.E.2d 754, 756 (Ga. Ct. App. 2007) (quotation omitted).  Res judicata bars the litigation of all claims that were or could have been brought in the prior action.  QOS Networks Ltd. v. Warburg, Pincus & Co., 669 S.E.2d 536, 541 (Ga. Ct. App. 2008).  Georgia state courts have

4

repeatedly applied res judicata to pro se litigants.  See, e.g., Rose v. Household Fin.

Corp., 728 S.E.2d 879 (Ga. Ct. App. 2005).

When determining "identity of cause of action," a cause of action is defined

as "the entire set of facts which give rise to an enforceable claim."  Crowe, 723

S.E.2d at 430 (quotation omitted).  Two different claims constitute an identical

cause of action when they are based on the same allegations of misconduct.  See id.

at 430-31 (relying on res judicata to bar a breach of contract action when an earlier

suit for fraud, using the same facts and same allegations of misconduct, had been

dismissed).  A party may not avoid res judicata by recasting the same alleged

conduct into a new cause of action or asserting a new theory of recovery.  See id. at

431.  Cases are the same if they arise out of the same "nucleus of operative fact."

Hill v. Wooten, 279 S.E.2d 227, 228-29 (Ga. 1981) (quotation omitted).

The prior judgment must be a judgment that is final with no further right to

appellate review.  In re Estate of Bagley, 522 S.E.2d 281, 283 (Ga. Ct. App. 1999).

When determining whether a grant of summary judgment in a prior suit is a

decision on the merits, Georgia courts examine the underlying basis of the

summary judgment.  Nat'l Heritage Corp. v. Mt. Olive. Mem'l Gardens, 260

S.E.2d 1, 3 (Ga. 1979).  If the adjudication was on the merits, res judicata should

be sustained, but if not, it should be denied.  Id.  A final judgment on the merits

does not require a trial.  Fierer v. Ashe, 249 S.E.2d 270, 272 (Ga. Ct. App. 1978).

Pursuant to our Local Rules, a party's failure to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives that party's right to challenge a district court's order based on the magistrate judge's unobjected-to factual and legal conclusions on appeal, if the party was informed both of the time period for objecting and the consequences on appeal for failing to object.  11th Cir. R. 3-1.  "In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  Id.  To establish plain error, a party must show (1) an error, (2) that is plain, and (3) that affected her substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the party satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.

As an initial matter, we only review Aning's claims for plain error.  See 11th Cir. R. 3-1.  The magistrate judge informed Aning that she had 14 days to file written objections to the report and recommendation ("R&R"), which found that res judicata applied.  The magistrate judge added that, if no objections were filed, the district court could adopt the R&R and any unchallenged factual and legal findings would be subject only to interests-of-justice plain error review.  Aning did not object to the R&R and, although the district court construed Aning's response

6

to the defendants' motion to dismiss as objections, Aning's response did not mention the R&R. Therefore, plain error review applies.

The district court did not commit plain error in finding that Aning's claim was barred by the doctrine of res judicata. Ragsdale, 193 F.3d at 1238. First, Aning admits that the parties to this action and the prior action are the same for purposes of res judicata. They take issue with the other two prongs of Georgia's res judicata law -- identity of the cause of action and a previous adjudication on the merits by a court of competent jurisdiction. Crowe, 723 S.E.2d at 430-31; Semtek Int'l, 531 U.S. at 508.

As for identity of cause of action, the district court did not commit plain error. Aning argues that, in earlier federal litigation, she asserted that a wrongful foreclosure was occurring based on the defendants' false assertion that she and her husband had stopped making mortgage payments, and in this action, she is arguing that the sale of the property should be stopped pending an appeal before this Court. However, under Georgia law, two claims are identical when they are based on the same allegations of misconduct, and the underlying allegation of misconduct in both cases is the defendants' improper foreclosure of the John and Kathleen Aning's property. Crowe, 723 S.E.2d at 430-31; see also Hill, 279 S.E.2d at 228-29. In addition, although Aning seeks to stop the sale of her and her husband's property in this action, which she did not in the earlier litigation, a party may not

7

create a new cause of action by asserting a new theory of recovery.  See Crowe, 723 S.E.2d at 431; see also Dalton Paving & Constr., 643 S.E.2d at 756.

Aning argues that she filed a motion for an injunction and not a complaint. However, she does not explain why, even assuming that such a distinction is otherwise meaningful, that it is relevant for res judicata purposes if they arise from the same core facts.  Hill, 279 S.E.2d at 228-29.  And although Aning argues that the circumstances did not warrant a claim for an injunction in the earlier litigation and the district court could not issue injunctive relief, both of her previous complaints sought to enjoin the defendants and Aning continued to seek injunctive relief from the district court.

Nor did the district court commit plain error in finding that the earlier federal litigation qualified as a previous adjudication on the merits by a court of competent jurisdiction.  Crowe, 723 S.E.2d at 430-31.  It was an adjudication on the merits because the magistrate judge granted the defendants' motion for summary judgment on Aning's wrongful foreclosure claim after considering its merits extensively.  Moreover, the decision was clearly by a court of competent jurisdiction.  As for Aning's argument that her claims have not been heard on the merits, a trial is not necessary for a subsequent dispute to be barred by res judicata. Fierer, 249 S.E.2d at 272.

**AFFIRMED; MOTION TO DISMISS APPEAL AS TO JOHN ANNING GRANTED.**